UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: GEROVA FINANCIAL GROUP, LTD.,
SECURITIES LITIGATION
MDL No. 2275

TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiffs in the Eastern District of New York *Goldberg* action and Stillwater Investors Group[1] lead plaintiff movants initially moved for coordinated or consolidated pretrial proceedings of the five actions listed on Schedule A in either the Eastern District of New York or the Southern District of New York. On the eve of the Panel hearing session, movants notified the Panel that in light of the substantial progress of the actions in the Southern District of New York, they now urge centralization in this district. Plaintiffs in the Southern District of New York *Russo/Stillwater Investors* and *Hafif* actions also advocate centralization in Southern District of New York.

While some responding Southern District of New York plaintiffs or lead plaintiff movants express concern regarding the extent of the coordination or consolidation of these actions, all support or do not oppose centralization. Sole responding defendant Jason Galanis takes no position on the motion. Alternatively, he supports centralization in the Southern District of New York or asks the Panel to defer its ruling pending a ruling on his now withdrawn motion to dismiss.

On the basis of the papers filed and hearing session held, we find that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions share factual questions arising from alleged misrepresentations and/or omissions by defendants surrounding the Gerova/Stillwater Capital combination, and (2) allegations that the subsequent transfer of Gerova real estate interests to Net Five Holdings, LLC, was a fraudulent conveyance. All actions can be expected to focus on a significant number of common events, defendants, and witnesses. Whether the actions are brought by Stillwater Funds investors or Gerova open market investors, all plaintiffs seek relief under the federal securities laws or common law theories of liability arising from the same conduct. Centralization under Section 1407 will eliminate duplicative discovery; avoid inconsistent pretrial rulings, including on the issue of class certification; and conserve the resources of the parties, their counsel and the judiciary. Since it also appears that this litigation may involve a limited fund, centralization is appropriate to avoid unnecessarily depleting this fund to the detriment of the investors. *In re: The Reserve Fund Sec. and Derivative Litig.*, 598 F. Supp. 2d 1370 (J.P.M.L. 2009).

---

[*] Judge W. Royal Furgeson, Jr., did not participate in the decision of this matter.

[1] Albert Chehebar; Isaac Shehebar, Prudent Partners, L.P., and Maurice Hafif.

A CERTIFIED COPY
RUBY J. KRAJICK, CLERK
BY *Shanta Jones*
Deputy Clerk

- 2 -

Some plaintiffs or lead plaintiff movants express concerns about the manner and extent of coordination or consolidation of these actions. Our governing statute contemplates transfer for "coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). We leave the degree of any coordination or consolidation to the discretion of the transferee judge. *See In re: Citigroup, Inc., Auction Rate Sec. (ARS) Mktg. Litig.* (No. II), 626 F. Supp. 2d 1329, 1330 (J.P.M.L. 2009); *In re Pfizer Inc. Securities, Derivative & "ERISA" Litigation,* 374 F.Supp.2d 1348, 1349–50 (J.P.M.L. 2005).

We are persuaded that the Southern District of New York is an appropriate transferee district for this litigation, because (1) four of the five actions are already pending there, (2) the parties have engaged in mediation and notified the Panel that substantial progress is being made in this district, and (3) all responding parties now agree or do not oppose centralization in the Southern District of New York. We also note that Stillwater Capital is headquartered in New York City and parties, witnesses and documents will likely be found there.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action listed on Schedule A and pending in the Eastern District of New York is transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Shira Ann Scheindlin for coordinated or consolidated pretrial proceedings with the actions pending there and listed on Schedule A.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil    Frank C. Damrell, Jr.
Barbara S. Jones    Paul J. Barbadoro
Marjorie O. Rendell

IN RE: GEROVA FINANCIAL GROUP, LTD.,
SECURITIES LITIGATION                                    MDL No. 2275

## SCHEDULE A

Eastern District of New York

Margie Goldberg, et al. v. Gerova Financial Group, Ltd., et al., C.A. No. 1:11-01385

Southern District of New York

IN RE Stillwater Capital Partners Inc. Litigation, C.A. No. 1:11-02737
Ali Arar v. Gerova Financial Group Ltd., et al., C.A. No. 1:11-03081
Jack Hafif, et al. v. Gerova Financial Group, Ltd., et al., C.A. No. 1:11-03564
Wayne T. Bonner v. Gerova Financial Group Ltd., et al., C.A. No. 1:11-03796