UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                          :
In re GEROVA FINANCIAL GROUP, LTD.                        :   No. 11 MD 2275-SAS
 SECURITIES LITIGATION                                    :
                                                          :   ECF CASE
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
                                                          :
RUTLAND BAKER, BRUCE HENRY,                               :
ELEANORE KRAM, ALI ARAR and                               :
XIANHUA XU, Individually and on Behalf of                 :   No. 11 Civ. 3081-SAS
All Others Similarly Situated,                            :
                                                          :   ECF CASE
                  Plaintiffs,                             :
                                                          :
         - against -                                      :
                                                          :
GEROVA FINANCIAL GROUP, LTD., GARY                        :
HIRST, MICHAEL HLAVSA, JOSEPH                             :
BIANCO, JACK DOUECK, ARIE VAN ROON,                       :
KEITH LASLOP, RICHARD RUDY,                               :
STILLWATER CAPITAL PARTNERS, INC., and                    :
STILLWATER CAPITAL PARTNERS, LLC,                         :
                                                          :
                  Defendants.                             :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**DECLARATION OF JEREMY A. LIEBERMAN IN SUPPORT OF
THE OPEN-MARKET PLAINTIFFS' MOTION FOR
FINAL APPROVAL OF THE SETTLEMENT, CLASS CERTIFICATION
AND THE PLAN OF ALLOCATION, AND FOR
AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES,
<u>AND AWARDS TO CERTAIN PLAINTIFFS</u>**

I, Jeremy A. Lieberman, hereby declare as follows:

1. I am partner of the law firm Pomerantz LLP ("Pomerantz"), co-lead counsel for the Open-Market Lead Plaintiffs and the proposed settlement class in the above-captioned action. I submit this Declaration in support of final approval of the Settlement[1] of the Action, as reached between the Open-Market Lead Plaintiffs, individually and on behalf of all others similarly situated (the "Open-Market Class" or "Open-Market Settlement Class"), on the one hand, and the Open-Market Defendants, on the other. The Open-Market Lead Plaintiffs and the Open-Market Defendants are referred to collectively herein as the "Parties" or the "Settling Parties."

2. I have personal knowledge of various matters set forth herein based on my day-to-day participation in the prosecution and settlement of this Action and, if called as a witness, could and would testify competently thereto. Additionally, as the supervisor of the attorneys at my firm who worked on the matter, I have learned about, and have a detailed understanding of the efforts of other attorneys who have worked on the Action. Additional matters are attested to, via exhibit attached hereto, by: Ethan D. Wohl of Wohl & Fruchter LLP; Robert M. Roseman of Spector Roseman Kodroff & Willis, PC, and Samuel J. Lieberman of Sadis & Goldberg LLP, (collectively with Pomerantz, the "Open-Market Counsel"); the Claims Administrator in this case, Strategic Claims Services ("SCS"), by Josephine Bravata; by Lead Plaintiffs Rutland Baker, Bruce Henry, and Kathy Kram, and by named Plaintiff Ali Arar.

3. At its core, this class Action asserts violations of the federal securities laws. A securities class action is an inherently complex and lengthy litigation to prosecute. Emblematic

---

[1] Unless otherwise defined, capitalized terms herein have the same meanings as in the Stipulation of Settlement dated February 4, 2014, (Dkt. No. 73) (the "Stipulation"). The defendants in the *Arar* action (the "Action") are Gerova Financial Group, Ltd., Gary T. Hirst, Arie Jan van Roon, Michael Hlavsa, Joseph J. Bianco, Keith Laslop, Stillwater Capital Partners, Inc., Stillwater Capital Partners, LLC, Jack Doueck, and Richard Rudy (the "Open-Market Defendants").

of the uncertain and lengthy nature of these cases, the Action took nearly one year to move past the pleading stage alone.  Moreover, even though the Open-Market Defendants have answered the second amended complaint, they have asserted a myriad of affirmative defenses, including lack of standing, improper service, failure to state a claim, failure to mitigate damages, waiver, unclean hands and estoppel, and statute of limitations defenses.   Indeed, the obstacles to recovery faced by the Open-Market Class in this case were significant, particularly given the applicable proof requirements during the later stages of the case (and on appeal).  For example, the Open-Market Plaintiffs faced substantial risks in establishing the type of conscious misbehavior and/or recklessness necessary to prove scienter.  Moreover, in addition to establishing the elements of falsity, materiality and scienter, the Open-Market Lead Plaintiffs would have encountered potentially fatal loss causation defenses.  While the Court found the allegations sufficient to survive the motion to dismiss at the pleading stage, it is far from certain that the Open-Market Lead Plaintiffs would have been similarly successful at the summary judgment stage, let alone at trial.  Accordingly, if the parties did not agree to settle this case, further litigation—particularly a trial—would be complex, risky, lengthy, and expensive.  Moreover, with Gerova now insolvent and certain creditors having successfully petitioned to put a major Stillwater Fund in bankruptcy, any additional passage of time would all but ensure the depletion of assets available for distribution to the Open-Market Class.

4.     After an inquiry into the merits of the claims, assessing defenses, and estimating likely damages that could be recovered by the Class, the Parties agreed to participate in arm's-length negotiations under the supervision of a respected mediator, Michael Young.  Counsel for the Parties engaged in extensive and lengthy negotiations to reach resolution of this Action, which also involved the participation of, among others, interested parties in the related Chapter

2

11 case, captioned *In re Stillwater Asset Backed Offshore Fund Ltd.*, Case No. 12-14140 (ALG) and the Chapter 15 case, captioned *In re Gerova Financial Group, Ltd., et al.*, Case No. 12-13641 (ALG), as well as the insolvency proceeding pending in the Supreme Court of Bermuda, captioned *In the Matter of Gerova Financial Group Ltd.*, Matter No. 2011 No. 369.  After approximately two years of difficult ongoing negotiations, the Settling Parties agreed to the terms of a settlement valued at $1,372,000.00 (the "Settlement Consideration"), and thereafter submitted the Settlement Agreement to the Court for preliminary approval.

5. On February 5, 2014, the Court preliminarily approved the Settlement and directed Notice of the Settlement to the Class.  Dkt. No. 75.

6. Pursuant to the Preliminary Approval Order, notice of the Settlement, which included the Notice and the Proof of Claim Form ("Notice Packets"), was completed on March 7, 2014.  *See* Exhibit ("Exh.") 1 hereto, Declaration of Josephine Bravata (the "Bravata Decl.") ¶ 4.  The Notice specifically advised Settlement Class members that the Open-Market Counsel intended to apply to the Court for an award of attorneys' fees representing up to 33% of the Settlement Consideration and that the Open-Market Counsel would seek reimbursement of out-of-pocket expenses not to exceed $150,000.00.  The deadline to request exclusion from the Settlement is May 12, 2014 and the deadline for objections is May 19, 2014.  *Id. ¶¶* 10, 11.

7. As sworn by the Claims Administrator, as of March 7, 2014, Notice had been furnished to 2,794 potential members of the Open-Market Class. *Id.* ¶ 6.  Additionally, the Notice was published electronically once on the *Globe Newswire* and in print once in the *Investor's Business Daily* on March 18, 2014.  *Id.* ¶ 8.

8. At the time of this filing, although the deadlines have not yet passed, no Open-Market Class Member has objected to any aspect of the Settlement, Plan of Allocation, or the

Open-Market Counsel's requested fees and expenses, nor has any Open-Market Class Member requested exclusion from the Settlement. *Id*. ¶¶ 10, 11.

9.  As explained herein, and in the memoranda filed herewith, the Open-Market Counsel respectfully submit that the Settlement is a fair, adequate and reasonable result for the Settlement Class and worthy of approval, that the Plan of Allocation is equitable and just, and that the requested fee and expense reimbursement should be awarded in full.

10. The work performed by the Open-Market Counsel in prosecuting the Action included:

- reviewing and analyzing Gerova's Class Period and pre-Class Period public filings, annual reports, press releases, quarterly earnings call and investment conference transcripts, and other public statements;

- reviewing and analyzing stock trading data relating to Gerova;

- researching, investigating, and drafting the initial class action complaint and the amended class action complaint in a manner that complied with the materiality, falsity, scienter, and loss causation requirements imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA");

- researching and drafting the motion to appoint lead plaintiffs;

- researching and drafting memorandum opposing defendant's motion to dismiss;

- researching and drafting memorandum seeking class certification;

- consulting with economic experts in the areas of loss causation, market efficiency, and damages;

- participating in extensive, arm's-length negotiations with the assistance of a nationally-regarded mediator, with substantial negotiations that included negotiations with the Stillwater Defendants, the *Arar* Defendants, Gerova's liquidator, SWAB's liquidator/restructuring officer, unsecured creditors of SWAB, the committee of unsecured SWAB creditors, the Fund that had pushed SWAB into bankruptcy, and both Stillwater and Gerova's insurers; and

- preparing the Stipulation of Settlement and motion papers and related documents necessary to provide notice of the Settlement to Class members and to obtain preliminary and final approval of the Settlement.

11. The efforts by the Open-Market Counsel to successfully resolve this Action have been without compensation of any kind to date, and payment of attorneys' fees was and always has been wholly contingent upon the result achieved. As compensation for these efforts, the Open-Market Counsel respectfully request this Court to award attorneys' fees of 30% of the Settlement amount (or $411,600), plus $141,089.98 in unreimbursed expenses. The Open-Market Counsel spent 2,246.65 hours of professional time, having a market value of approximately $1,374,637.25, in prosecuting the Action. The requested fee ($411,600), which incorporates a fractional ("negative") lodestar multiplier of approximately 0.3, modestly compensates the Open-Market Counsel for this time and labor.

12. The Settlement is entitled to a presumption of fairness where, as here, it was entered into by the parties in good faith, at arm's-length, and without a trace of collusion. Moreover, in arriving at the Settlement, the Open-Market Counsel had obtained a thorough understanding of the strengths and weaknesses of the claims through extensive investigation and motion practice, including the filing of an amended complaint and substantial briefing on Defendant's motion to dismiss.

13. The expertise and experience of the Open-Market Counsel is also an important factor to be weighed in assessing a fair fee. As demonstrated in the attached firm biographies, the Open-Market Counsel is comprised of experienced and skilled practitioners in the securities litigation field. The Open-Market Counsel have achieved significant securities class action settlements, as well as being counsel of record in cases establishing important precedents that enable litigation such as this to be successfully prosecuted. *See* Exhibit 2 (Declaration of Jeremy A. Lieberman attaching Pomerantz LLP firm resume); Exhibit 3 (Declaration of Ethan D. Wohl, attaching Wohl & Fruchter LLP firm resume); Exhibit 4 (Declaration of Robert M. Roseman,

attaching Spector Roseman Kodroff & Willis, PC firm resume); and Exhibit 5 (Declaration of Samuel J. Lieberman attaching Sadis & Goldberg LLP firm resume).

14. The Open-Market Counsel prosecuted the Action vigorously, expending substantial time and resources without any assurance of obtaining any compensation for their efforts. Specifically, as set forth in the attached declarations of the Open-Market Counsel (Exhibits 2-5, attaching true and correct copies of the lodestar and expense information for the Pomerantz LLP; Wohl & Fruchter LLP; Spector Roseman Kodroff & Willis, PC; and Sadis & Goldberg LLP), the Open-Market Counsel together already have devoted a significant amount of time, 2,246.65 total hours, to this case, and fully expect to devote more time in the future administration and distribution of the Settlement.

15. Attached as Exhibit 6 is a table of billing rates for defense firms compiled by the Open-Market Counsel from fee applications submitted in bankruptcy matters, and billing rates for peer plaintiffs' firms submitted in connection with fee applications in securities fraud class actions.

16. Attached as Exhibit 7 is the Declaration of Rutland Baker in Support of Settlement and Application for Attorneys' Fees and Reimbursement of Expenses.

17. Attached as Exhibit 8 is the Declaration of Ali Arar in Support of Settlement and Application for Attorneys' Fees and Reimbursement of Expenses.

18. Attached as Exhibit 9 is the Declaration of Kathy Kram in Support of Settlement and Application for Attorneys' Fees and Reimbursement of Expenses.

19. Attached as Exhibit 10 is the Declaration of Bruce Henry in Support of Settlement and Application for Attorneys' Fees and Reimbursement of Expenses.

20. Attached as Exhibit 11 is a true and correct copy of the [Proposed] Judgment and Order of Final Approval, specifically tailored to the Action.[2]

Pursuant to Title 28, United States Code, Section 1746, I declare under penalty of perjury under the laws of the United States that the above statements are true and correct and that this Declaration was executed in New York, N.Y. on this 5th day of May, 2014.

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman

---

[2] A proposed Final Judgment and Order of Dismissal With Prejudice that relates to all actions, including this Action, was previously filed as Exhibit 1 to the Stipulation and Agreement of Settlement. Dkt. 73-1.

7