# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------x

In re GEROVA FINANCIAL GROUP, LTD.            No. 11 MD 2275-SAS
SECURITIES LITIGATION                         ECF CASE

--------------------------------------------------------------x

ALI ARAR, ET AL., Individually and On Behalf   :
of All Others Similarly Situated,              :   No. 11-CV-3081-SAS
                                               :   ECF CASE
            Plaintiffs,                        :
                                               :
    vs.                                        :
                                               :
GEROVA FINANCIAL GROUP, LTD., ET AL.,          :
                                               :
            Defendants.                        :
                                               :
                                               :
                                               :
                                               :
--------------------------------------------------------------x

## DECLARATION OF JOSEPHINE BRAVATA
## CONCERNING MAILING OF NOTICE OF PROPOSED SETTLEMENT OF CLASS
## ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES AND SETTLEMENT
## FAIRNESS HEARING AND PROOF OF CLAIM AND RELEASE FORM

I, Josephine Bravata, declare:

      1.     I submit this declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses and Settlement Fairness Hearing ("Notice") and the Proof of Claim and Release Form ("Claim Form") (collectively, "Notice and Claim Form") and the publication of the Summary Notice ("Publication Notice").  Please see

1

**Exhibit A** for the Notice and Claim Form.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein.

2.      I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over twelve years of experience specializing in administration of class action cases.  SCS was established in April 1999 and has administered over three-hundred (300) class action cases since its inception.

3.      SCS was retained to provide administrative services as part of the settlement administration process in the above-captioned litigation.  Our services include the printing and mailing of the Notice and Claim Form; supplying the Notice and Claim Form to the Class; notifying brokerage firms or other nominee accounts of the appropriate manner to provide individual notice to class members, both individually and on a published basis; tracking requests for exclusion; distributing, accepting and processing Claim Forms filed by class members; reviewing submitted Claim Forms for accuracy and completeness and to ensure that they are supported by sufficient documentary evidence; providing notices to those claims that are deficient or rejected, when appropriate; calculating recognized losses of the class, on both an individual and class-wide basis; and all other services necessary to administer this securities litigation class action ("Settlement").

4.      To provide actual notice to those persons or entities that purchased or acquired shares of Gerova Financial Group, Ltd. ("Gerova") Securities between January 8, 2010 and February 23, 2011, inclusive ("Class Period"), we mailed, by first class mail, postage prepaid, the Notice and Claim Form approved by the Court to all individuals and organizations identified on the records of Gerova's transfer agent, Continental Stock Transfer & Trust Company.  These records reflect persons and entities that purchased the securities of Gerova for their own account or for the account(s) of their clients during the Class Period.  The Order Preliminarily Approving

2

Settlement and Providing for Notice Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, dated February 5, 2014 (the "Court's February 5, 2014 Order") required the mailing to be completed no later than March 6, 2014.  The transfer agent list was received by SCS on March 7, 2014 and the mailing was completed on March 7, 2014.

5.     The Notice along with a letter was also mailed or emailed to all brokerage companies, banks and trust companies contained on our master mailing list notifying them of the settlement and asking them to within 10 days to either send the Notice and Claim Form to beneficial owners, or provide SCS with a list of names and addresses of such beneficial owners so that SCS could promptly mail the Notice and Claim Forms directly to them.  SCS maintains a master list consisting of the 976 largest banks and brokerage companies ("Nominee Account Holders"), as well as 766 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups") which may have purchased Gerova's securities in their clients' or their own accounts.  This mailing was completed in compliance with the Court's February 5, 2014 Order on March 3, 2014.

6.     As noted in the paragraph above, SCS mailed or e-mailed 1,742 letters (attached as **Exhibit B**) to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list.  In addition, SCS has mailed 2,794 Notice and Claim Forms to potential Class Members or nominees.  SCS mailed 134 Notice and Claim Forms to individuals and organizations from the shareholders' list provided by the transfer agent and the additional 2,660 Notice and Claim Forms were requested by, and provided to, the Nominee Account Holders and Institutional Groups and other individuals.

7.     Out of the 2,794 Notice and Claim Forms mailed, 134 were returned. Of these, the post office provided forwarding addresses for 9; SCS immediately mailed another Notice and Claim Form to these Class Members at the updated addresses.  The remaining 125 Notice and

3

Claim Forms returned as undeliverable were "skip-traced" to obtain updated addresses and re-mailed if updated addresses were provided.

8.      Pursuant to the Court's February 5, 2014 Order, the Publication Notice was published electronically once on the *Globe Newswire* and in print once in the *Investor's Business Daily* on March 18, 2014, as shown in the confirmations of publication attached hereto as **Exhibit C.**

9.      The notice procedures described in paragraphs three (3) through eight (8) above are consistent with the procedures SCS has used in each of the class action securities litigation cases in which I have been involved with over the past twelve years.

10.     To date, SCS has not received a request for exclusion.  The deadline for the exclusion requests is received no later than May 12, 2014.

11.     To date, SCS has not received an objection to the Settlement, including the Plan of Allocation and the request for attorneys' fees.  The deadline for objections is received by May 19, 2014.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 5th day of May 2014, in Media, Pennsylvania.

Josephine Bravata

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re GEROVA FINANCIAL GROUP, LTD. SECURITIES LITIGATION | :x | No. 11 MD 2275-SAS ECF CASE |

| | | |
|---|---|---|
| ALI ARAR, ET AL., Individually and On Behalf of All Others Similarly Situated, | :x | No. 11-CV-3081-SAS ECF CASE |
| Plaintiffs, | : | |
| vs. | : | |
| GEROVA FINANCIAL GROUP, LTD., ET AL., Defendants. | :x | |

**NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION,
MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING**

**IF YOU PURCHASED OR ACQUIRED SHARES OF GEROVA SECURITIES BETWEEN JANUARY 8, 2010 AND FEBRUARY 23, 2011, INCLUSIVE, AND INCURRED DAMAGES, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**Your legal rights are affected whether you act, or don't act. Read this Notice carefully.**

**SUMMARY OF KEY PROVISIONS AND REASONS FOR SETTLEMENT**

**Security and Time Period:** Gerova Financial Group, Ltd. ("Gerova") securities (stock symbols: CIO, CIO.WS, CIO.U, GFC, GFC.WS, GFC.U) purchased or otherwise acquired between January 8, 2010 and February 23, 2011, inclusive (the "Settlement Class Period").

**Place of Purchase:** Purchased or otherwise acquired on the New York Stock Exchange (NYSE), NYSE Alternext US exchange (later named the NYSE Amex Exchange), or by other means involving transactions in the United States, during the Settlement Class Period.

**Settlement Consideration:** $1,372,000 in cash (the "Settlement Consideration"). Your recovery will depend on the number of shares of Gerova securities you, and other Settlement Class Members who file claims, purchased and sold and the prices at which you, and the other Settlement Class Members who file claims, purchased and sold those shares. The estimated average recovery will have an economic value of approximately $0.40 per share before deduction of Court-approved fees and expenses and costs of notice and claims administration.

**Reasons for Settlement:** The case, as well as several related cases, has been litigated since May 2011. The Lead Plaintiffs and Co-Lead Counsel believe that the Settlement provides the Settlement Class with a substantial benefit now, in lieu of engaging in years of further litigation – including summary judgment motions, a contested trial and likely appeals—with the possibility of no recovery at all, particularly in light of the insolvency proceedings involving Gerova, which are pending in both the United States and in Bermuda. By settling the Action at this point, the Lead Plaintiffs are not admitting that the Action lacked merit or that the Settlement Class's ultimate recovery would not have been greater than the Settlement Consideration, nor are the Settling Defendants or any former defendants admitting that the Action had merit or that Settlement Class Members ultimately would have recovered any damages.

The Lead Plaintiffs allege that Gerova's stock price was inflated by the defendants' material misrepresentations and omissions regarding, among other things, several substantial stock-based transactions in January 2010, including, but not limited to, the acquisition of the Stillwater Funds, acquisition of a controlling interest in Amalphis Group Inc., and acquisition of the assets and investments held by the Wimbledon Funds. Specifically, in connection with these transactions, Lead Plaintiffs allege that defendants misrepresented and/or omitted material information concerning the capitalization of the Company, the financial condition of the Stillwater Funds, the extent to which these transactions involved insiders and other related parties, the payment of excessive fees to related parties, and subsequent sales of stock by insiders.

The Settling Defendants and all former defendants have denied and continue to deny all charges of wrongdoing or liability arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Amended Complaint. Specifically, the Settling Defendants and all former defendants contend, among other things, that they did not make any false or misleading statements concerning any of Gerova's stock-based transactions in January 2010 and that the risks associated with these transactions were adequately disclosed.

Nonetheless, the Settling Defendants have concluded that further conduct of the Action could be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the parties' Stipulation and Agreement of Settlement ("Stipulation") and in the Global Settlement Agreement ("GSA") in order to limit further expense, inconvenience and distraction, to dispose of the burden of protracted litigation involving multiple lawsuits, and to permit the Supreme Court of Bermuda and the U.S. Bankruptcy Court to address the Company's financial affairs. The Settling Defendants also have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases like this Action. The Settling Defendants have, therefore, determined that it is desirable and beneficial that the Action be settled in the manner and upon the terms and conditions set forth in the Stipulation and the GSA. The Settling Defendant entered into the Stipulation and the GSA without in any way admitting to or acknowledging any fault, liability, or wrongdoing of any kind. There has been no adverse determination by any court against the Settling Defendants on the merits of the claims asserted by the Lead Plaintiffs.

Neither the Stipulation, nor the GSA, nor any of their terms or provisions, nor any of the negotiations or proceedings connected with them, shall be construed as an admission or concession by any of the parties released by the Stipulation and/or the GSA (the "Released Parties") of the merit or truth of any of the allegations or wrongdoing of any kind on the part of the Released Parties. Neither the Stipulation, nor the GSA, nor any of the terms or provisions, nor any of the negotiations or proceedings connected therewith, shall be offered as evidence in the Action or in any pending or future civil, criminal, or administrative action or other proceeding to establish any liability or admission by the Released Parties or any other matter adverse to the Released Parties or any of their respective related entities, except as expressly set forth in the Stipulation.

**If the Case Had Not Settled:** The Settlement must be compared to the risk of no recovery after contested dispositive motions, trial, and likely appeals. A trial is a risky proposition. The claims in the Action involve numerous complex legal and factual issues, many of which would require expert testimony. The Settling Parties disagree on both liability and damages, and do not agree on the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to have prevailed on each claim alleged. Among the many issues about which Lead Plaintiffs and the Settling Defendants disagree are: (1) whether the Settling Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the misrepresentations and omissions alleged by the Lead Plaintiffs were material, false, misleading or otherwise actionable under the securities laws; (3) the extent (if any) that the alleged misrepresentations and omissions influenced the trading prices of Gerova securities during the relevant period; and (4) the method for determining whether, and the extent to which, purchasers of Gerova securities suffered injury and damages that could be recovered at trial.

In addition, the Settlement must be compared to the risk of no recovery based on the uncertainty created by Gerova's bankruptcy filings in both the Supreme Court of Bermuda and the U.S. Bankruptcy Court. Upon the restructuring and/or liquidation of the Company, and the settlement of claims of other creditors, there exists the possibility that there would be no remaining assets from which to pay any judgment, even assuming Lead Plaintiffs ultimately prevailed at trial and after exhaustion of all appeals.

**Attorneys' Fees and Expenses:** Co-Lead Counsel have not received any payment for their work or expenses incurred in investigating the facts, prosecuting this Action, and negotiating the Settlement on behalf of Lead Plaintiffs and the Settlement Class. Lead Counsel will ask the Court for attorneys' fees not to exceed 33% of the Settlement Consideration and expenses not to exceed $150,000 to be paid from the Settlement Fund.

If the above amounts are requested and approved by the Court, the estimated recovery per share before any additional settlement administration fees and expenses and any awards to the Lead Plaintiffs is estimated to be $ 0.22 per damaged share.

**Dismissal and Releases:** If the proposed Settlement is approved after a fairness hearing ("Settlement Hearing"), the Court will enter a Judgment and Order of Final Approval (the "Judgment"). The Judgment will dismiss the Settlement Class Claims and the Defendant Claims with prejudice as to both the Released Parties and the Lead Plaintiffs, Co-Lead Counsel, and any Settlement Class Members, respectively. The Judgment will provide that all Settlement Class Members shall be deemed to have released and forever discharged all Settlement Class Claims (to the extent that Settlement Class Members have such claims) against all Released Parties (which includes, but is not limited to, the Settling Defendant and any subsidiaries and affiliates, and all of their employees, directors and officers). The terms of the releases, including the meaning of the term "Settlement Class Claims," are set forth in the Stipulation.

Deadlines:

| | |
|---|---|
| Submit Claim: | May 20, 2014 |
| File Objection: | May 19, 2014 |
| Request Exclusion | May 12, 2014 |
| **Court Hearing on Fairness of Settlement:** | June 9, 2014 |

**More Information:**

<u>Settlement Administrator:</u>
Gerova Financial Group, Ltd. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 3
Media, PA 19063
Tel: (866)274-4004
Fax: (610) 565-7985
info@strategicclaims.net

<u>Co-Lead Counsel:</u>
Jeremy A. Lieberman
Pomerantz Grossman Hufford
Dahlstrom & Gross LLP
600 Third Avenue
New York, NY 10016
Tel: (212) 661-1100
jalieberman@pomlaw.com

Ethan D. Wohl
Wohl & Fruchter LLP
570 Lexington Avenue, 16th Floor
New York, NY 10022
Tel: (212) 758-4000
ewohl@wohlfruchter.com

- *Your legal rights are affected whether you act, or don't act. Read this Notice carefully.*

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM** | The only way to receive a payment. |
| **OBJECT** | You may write to the Court if you do not like this Settlement, the Plan of Allocation, Co-Lead Counsel's request for attorneys' fees and expenses, or the reimbursement to Lead Plaintiffs for costs and expenses. |
| **EXCLUDE YOURSELF** | Receive no payment. This is the only option that allows you to participate in another lawsuit against the Released Parties relating to the claims being released in this case. |
| **GO TO A HEARING** | You may ask to speak in Court about the fairness of the Settlement at the Settlement Hearing on June 9, 2014. |
| **DO NOTHING** | Receive no payment. |

- You may submit a claim or object, or do both, or do nothing. However, if you timely exclude yourself that is the **only** thing you can do; you cannot then also object in writing, appear at the Settlement Hearing to state any objections, or submit a claim.

- If you object and do not request exclusion, you will remain a Settlement Class Member, and if the Court approves the Settlement, you will be bound by the terms of the Settlement in the same way as Settlement Class Members who do not object.

- Unless you timely request exclusion from the Settlement Class, or unless the Court rejects the proposed Settlement, you are bound by the Stipulation and Agreement of Settlement, whether or not you submit a claim or object.

- These rights and options are explained in this Notice. ***Please take careful note of the deadlines to exercise them, set forth above.***

- The Court presiding over this case must decide whether to approve the Settlement. Payments will be made only if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

- The Court has authorized this Notice, but no money will be paid to anyone until the Court holds the Settlement Hearing on June 9, 2014. The Court has not decided on the merits of this case.

## WHAT THIS NOTICE CONTAINS

BASIC INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    1.  Why Did I Receive This Notice Package? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
    2.  What Is This Lawsuit About? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    3.  Why Is This A Class Action? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    4.  Why Is There A Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
WHO IS IN THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    5.  How Do I Know if I Am Part of the Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    6.  What Are the Exceptions to Being Included? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    7.  I'm Still Not Sure if I Am Included. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
THE SETTLEMENT BENEFITS—WHAT YOU GET . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    8.  What Does the Settlement Provide? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    9.  How Much Will My Payment Be? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
HOW YOU OBTAIN A PAYMENT—SUBMITTING A CLAIM FORM . . . . . . . . . . . . . . . . . . . . . . . . 6
    10.  How Will I Obtain A Payment? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    11.  When Will I Receive My Payment? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
    12.  What Am I Giving Up to Receive A Payment? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
EXCLUDING YOURSELF FROM THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    13.  How Do I Get Out of the Settlement Class? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    14.  If I Do Not Exclude Myself, Can I Sue the Released Parties for the Same Thing Later? . . . . . . 7
    15.  If I Exclude Myself, Can I Receive Money from the Net Settlement Fund? . . . . . . . . . . . . . . . 7
THE LAWYERS REPRESENTING YOU . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    16.  Do I Have A Lawyer in This Case? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    17.  How Will the Lawyers Be Paid? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
OBJECTING TO THE SETTLEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    18.  How Do I Tell the Court that I Do Not Like the Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . 8
THE COURT'S SETTLEMENT HEARING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    19.  When and Where Will the Court Decide Whether to Approve the Settlement? . . . . . . . . . . . . 8
    20.  Do I Have to Come to the Hearing? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
    21.  May I Speak at the Hearing? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
IF YOU DO NOTHING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    22.  What Happens if I Do Nothing at All? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
GETTING MORE INFORMATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
    23.  Are There More Details About the Settlement? . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
UNDERSTANDING YOUR PAYMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
SPECIAL NOTICE TO NOMINEES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

## BASIC INFORMATION

### 1. Why Did I Receive This Notice Package?

You or someone in your family may have purchased or otherwise acquired Gerova Financial Group, Ltd. ("Gerova") securities on the New York Stock Exchange ("NYSE") or the NYSE Alternext US Exchange (later named the NYSE Amex Exchange) between January 8, 2010 and February 23, 2011, inclusive, and incurred damages.

This Notice was sent because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement, and after any objections or appeals are resolved, the Settlement Administrator appointed by the Court will make the payments to those persons who timely submit claims in the manner described below.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Southern District of New York, and the case is known as *Arar, et al. v. Gerova Financial Group, Ltd., et al.*, Case No. 11-CV-3081-SAS. Rutland Baker, Bruce Henry, and Ali Arar are called the Lead Plaintiffs, and the Company, Gary T. Hirst, Arie Jan van Roon, Michael Hlavsa, Joseph J. Bianco, Keith Laslop, Stillwater Capital Partners, Inc., Stillwater Capital Partners, LLC, Jack Doueck, and Richard Rudy are the Settling Defendants. The Lead Plaintiffs and the Settling Defendant are referred to together as the "Parties."

## 2.  What Is This Lawsuit About?

This Action alleges violations of the Federal Securities Laws (specifically Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §78j(b) and 78(t)(a)) and Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5) against the Settling Defendants.

Gerova was incorporated in Bermuda as of August 30, 2010. Prior to that date, the Company was incorporated in the Cayman Islands. During the Settlement Class Period, Gerova's principal executive offices were located in Grand Cayman, Cayman Islands until May 2010, and were subsequently located in Hamilton, Bermuda. Gerova was formed in March 2007 as a "blank check" company, that is, a company organized for the purpose of acquiring one or more operating businesses to be identified after formation. During the Settlement Class Period, Gerova securities traded on the NYSE Alternext US Exchange (later the NYSE Amex Exchange) and on the NYSE under the ticker symbols GFC, GFC.WS, and GFC.U.

Lead Plaintiffs allege that, during the Settlement Class Period, Gerova's stock price was artificially inflated as a result of a series of untrue or materially misleading statements the Settling Defendants made concerning several substantial transactions in January 2010. Specifically, Lead Plaintiffs allege that Gerova failed to inform investors that, among other things, (i) the Company was unprofitable and in poor financial condition during the Settlement Class Period; (ii) the Stillwater Funds were in poor financial condition at the time they were acquired; (iii) the Company engaged in several transactions with related parties and entities controlled by Gerova insiders; and (iv) insiders were permitted to sell the Company's securities at artificially inflated prices. Lead Plaintiffs further contend that the Settling Defendants made these statements knowing them to be false or misleading, or recklessly disregarding their false or misleading natures, and that investors suffered injury as a result of the alleged inflation.

The Settling Defendants have denied and continue to deny the allegations, and contend that the disclosures concerning the Company's transactions in January 2010 were accurate and not misleading; that the Settling Defendants did not act with scienter in making or causing any alleged material misrepresentation or omission; and that Lead Plaintiffs and the Settlement Class suffered no damages because the decline in Gerova's share price on February 23, 2011 was not a result of any prior misstatement or omission by the Settling Defendants.

## 3.  Why Is This A Class Action?

Class actions are generally used in lawsuits that affect a large number of individuals. The class action operates to consolidate into a single action all of the claims of individuals allegedly harmed by the same conduct or course of conduct, thus alleviating the need for members of the class to file their own individual lawsuits to recover for the harm alleged. Once the class is certified, the Court is empowered to resolve all issues on behalf of members of the class, except for those members of the class, if any, who specifically choose to exclude themselves from the class.

As part of the preliminary approval process, Lead Plaintiffs will ask the Court to certify a class for settlement purposes only. The proposed Settlement Class will consist of all persons or entities who, during the Settlement Class Period, purchased or otherwise acquired shares of Gerova securities on the NYSE or the NYSE Alternext US Exchange (later named the NYSE Amex Exchange. Excluded from the Settlement Class are: (a) the Settling Defendants, Jason Galanis, Tore Nag, the officers and directors of Gerova or of any subsidiary of Gerova, and members of any of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest; and (b) any potential members of the Settlement Class who timely and validly exclude themselves from the Settlement Class in accordance with the requirements set forth herein. All Settlement Class Period purchasers or acquirers of Gerova securities are members of the Settlement Class, except those persons who timely file a request for exclusion by May 12, 2014. All persons who do not timely exclude themselves from the Settlement Class will be bound by the proposed Settlement and its accompanying Release.

## 4.  Why Is There A Settlement?

The Court did not decide in favor of the Lead Plaintiffs or the Settling Defendants. Instead, both sides agreed to a Settlement. This permits the parties to avoid the cost, delay, and uncertainty of a trial, and permits eligible Settlement Class Members who submit valid claims to receive some compensation rather than risk ultimately receiving nothing. Both the Lead Plaintiffs and the Settling Defendants have taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Action. The Lead Plaintiffs and their attorneys believe the Settlement is best for all Settlement Class Members. The Settling Defendants have concluded that further defense of the Action would be protracted and expensive, and that it is desirable that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

### WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a possible Settlement Class Member.

### 5.   How Do I Know if I Am Part of the Settlement?

The potential Settlement Class includes all persons or entities that purchased or otherwise acquired Gerova securities on the NYSE or the NYSE Alternext US Exchange (later named the NYSE Amex Exchange) between January 8, 2010, and February 23, 2011, inclusive.

### 6.   What Are the Exceptions to Being Included?

You are not a member of the Settlement Class if you are a Settling Defendant, Jason Galanis, Tore Nag, the officers and directors of Gerova or of any subsidiary of Gerova, and members of any of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

### 7.   I'm Still Not Sure if I Am Included.

If you are still not sure whether you are included, you can ask for free help. You can contact the Settlement Administrator at Gerova Financial Group, Ltd. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 3, Media, PA 19063, by toll-free phone at 866-274-4004, or by visiting the website at www.strategicclaims.net, for more information. Or you can fill out and return the claim form described in question 10, to see if you qualify.

### THE SETTLEMENT BENEFITS — WHAT YOU GET

### 8.   What Does the Settlement Provide?

The Settlement will result in a fund of almost $1.4 million in cash. The balance of this fund, after payment of Court-approved attorneys' fees and expenses, and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing the Internet wire service notice, and any award granted to the Lead Plaintiffs (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in valid claim forms.

### 9.   How Much Will My Payment Be?

Your share of the Net Settlement Fund will depend on the number of valid claim forms that Settlement Class Members send in, the number of shares of Gerova securities you purchased during the Settlement Class Period, and the timing of your purchases and sales. You will not receive a payment, however, if your proportionate share of the Net Settlement Fund is less than $10.00.

You can calculate your Recognized Claim in accordance with the formula shown below in the Plan of Allocation. After all Settlement Class Members have sent in their Proof of Claim and Release forms, the payment you receive will reflect your Recognized Claim in relation to the Recognized Claims of all persons submitting valid Proof of Claim forms. The Recognized Claim is not the amount of the payment that you can expect, but is used to determine how the Net Settlement Fund is to be allocated among all persons submitting claims.

### HOW YOU OBTAIN A PAYMENT — SUBMITTING A CLAIM FORM

### 10.   How Will I Obtain A Payment?

To qualify for payment, you must be an eligible Settlement Class Member, send in a valid Proof of Claim and Release form by the deadline, and properly document your claim as requested in the Claim Form. A Proof of Claim and Release form is enclosed with this Notice. You may also get a Proof of Claim and Release form on the internet at www.strategicclaims.net. Read the instructions carefully, fill out the Proof of Claim and Release form, include the documents required by that form, sign it, and mail it postmarked no later than May 20, 2014 to: Gerova Financial Group, Ltd., c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson Street, Suite 3, Media, PA 19063.

### 11.   When Will I Receive My Payment?

The Court will hold a hearing on June 9, 2014, to decide whether to approve the Settlement. If the Court approves the Settlement, there may be an appeal of such approval. It is always uncertain whether there will be an appeal and when any appeal will be resolved, and resolving an appeal can take time, perhaps more than a year. Even if no appeals are filed, it will take several months for the Settlement Administrator to process all of the Proof of Claim and Release forms and determine the ultimate distribution amounts.

### 12.   What Am I Giving Up to Receive A Payment?

As a Settlement Class Member, you will be giving up certain rights that you currently have if the Court approves the Settlement. Unless you timely exclude yourself from the Settlement Class by the May 12, 2014 deadline, you are a Settlement Class Member and will be bound by the Release of claims against the Released Parties. That means that you cannot sue, continue to sue, or be part of any other lawsuit against the Released Parties about the Settlement Class Claims in this Action. It also means that all of the Court's orders will apply to you and legally bind you, and you will release your claims in this Action against the Released Parties. The terms of the Release are included in the Proof of Claim and Release form that is enclosed.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a payment from the Settlement, but you want to keep the right to sue or continue to sue the Settling Defendants on your own for the Settlement Class Claims, then you must take steps to get out of the Settlement Class. This is called excluding yourself, or is sometimes referred to as "opting out" of the class.

### 13.   How Do I Get Out of the Settlement Class?

To exclude yourself from the Settlement Class, you must send a letter by mail stating that you want to be excluded from *Arar, et al. v. Gerova Financial Group, Ltd., et al.*, Case No. 11-CV-3081-SAS. You must include your name, address, telephone number, your signature, and the number of shares of Gerova securities you purchased or acquired between January 8, 2010 and February 23, 2011, inclusive, the number of shares of common stock sold during this time period, if any, the dates of such purchases and/or sales, and the price paid or received per share for each purchase or sale. You must mail your exclusion request so that it is received no later than May 12, 2014 to:

Gerova Financial Group, Ltd. Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 3
Media, PA 19063

You cannot exclude yourself on the phone or by e-mail. If you ask to be excluded, you are not eligible to receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in the Action.

### 14.   If I Do Not Exclude Myself, Can I Sue the Released Parties for the Same Thing Later?

No. Unless you exclude yourself from the Settlement Class, you give up any right to sue the Released Parties for the Settlement Class Claims in the Settlement. If you have a pending lawsuit against the Settling Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is May 12, 2014.

### 15.   If I Exclude Myself, Can I Receive Money from the Net Settlement Fund?

No. If you exclude yourself, do not send in a Proof of Claim and Release form.

## THE LAWYERS REPRESENTING YOU

### 16.   Do I Have A Lawyer in This Case?

The Court appointed the law firms of Pomerantz LLP and Wohl & Fruchter LLP to represent you and other Settlement Class Members. These lawyers are called Co-Lead Counsel. You will not be personally liable for the fees and expenses incurred by these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 17.   How Will the Lawyers Be Paid?

Co-Lead Counsel will ask the Court for attorneys' fees of up to 33% of the Settlement Fund and for expenses up to $150,000 which were advanced in connection with the Action. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Co-Lead Counsel for their efforts in achieving this Settlement and for their risk in undertaking this representation on a wholly contingent basis. Since the case began in 2011, Co-Lead Counsel have conducted all of the investigation, briefing, and motions practice necessary to prepare the case for trial, and consulted experts regarding the calculation of damages and issues relating to class certification. To date, Co-Lead Counsel have not been paid for their services or out-of-pocket expenses in prosecuting this Action on behalf of the Lead Plaintiffs and the Settlement Class. Lead Counsel have expended to date more than 750 hours of attorney time in prosecuting the Settlement Class's claims and will ask the Court for an award

of fees and reimbursement of actual expenses (such expenses not to exceed $150,000) in prosecuting the Action. The fee requested will compensate Co-Lead Counsel for their efforts in achieving the Settlement Consideration.

Co-Lead Counsel shall file a formal motion with the District Court for approval of the Settlement, the Plan of Allocation, and the request for attorneys' fees and reimbursement of expenses not later than May 5, 2014. That motion will argue that Co-Lead Counsel's requested fees are well within the range of fees awarded to class counsel under similar circumstances in other cases of this type. The Court determines what counsel should receive from the Settlement Fund for fees and expenses, and may award less than this amount.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 18.   How Do I Tell the Court that I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees. You can state the reasons why you think the Court should not approve it, and the Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Arar, et al. v. Gerova Financial Group, Ltd., et al.*, Case No. 11-CV-3081-SAS. Be sure to include your name, address, telephone number, your signature, the number of shares of Gerova securities purchased or acquired between January 8, 2010 and February 23, 2011, inclusive, and the reasons you object. The motions in support of the Settlement and the request for attorneys' fees will be filed no later than May 5, 2014, and they will be available from Lead Counsel, the Settlement Administrator or the Court. (The Settlement Administrator's contact information is listed in Section 23, below.) Any objection must be mailed or delivered such that it is received by **each** of the following no later than May 19, 2014:

| *Court*: | *Lead Counsel Designee:* | *Settling Defendant's Counsel Designee:* |
|---|---|---|
| Clerk of the Court | Jeremy A. Lieberman | Scott W. Reynolds |
| United States District Court | Pomerantz Grossman Hufford | Hogan Lovells US LLP |
| Southern District of New York | Dahlstrom & Gross LLP | 875 Third Avenue |
| Daniel Patrick Moynihan U.S. | 600 Third Avenue | New York, NY 10022 |
| Courthouse | New York, NY 10016 | |
| 500 Pearl St. | | |
| New York, NY 10007-1312 | | |

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

### 19.   When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a Settlement Hearing at 4:30 p.m., on June 9, 2014, at the courthouse for the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl St. New York, New York 10007-1312. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will also consider how much money from the Settlement Fund will be allocated to pay Co-Lead Counsel for their work on the Action and to reimburse their expenses, and whether the Plan of Allocation is fair, reasonable and adequate. The Court may decide these issues at the hearing or take them under consideration for a later decision.

### 20.   Do I Have to Come to the Hearing?

No. Co-Lead Counsel will answer questions the Court may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 21.   May I Speak at the Hearing?

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying that it is your intention to appear in *Arar, et al. v. Gerova Financial Group, Ltd., et al.*, Case No. 11-CV-3081-SAS. Be sure to include your name, address, telephone number, your signature, and the number of shares of Gerova securities you purchased or acquired from January 8, 2010 to February 23, 2011, inclusive. Your notice of intention to appear must be received no later than May 19, 2014, by the Clerk of the Court, Lead Counsel Designee and the Settling Defendant's Counsel Designee, at the three addresses listed in question 18.

## IF YOU DO NOTHING

| 22. | What Happens if I Do Nothing at All? |
| --- | --- |

If you do nothing, all of your claims against the Released Parties will be released, but you will not receive any money from this Settlement because it is necessary to submit a Proof of Claim and Release form to share in the Settlement proceeds.

## GETTING MORE INFORMATION

| 23. | Are There More Details About the Settlement? |
| --- | --- |

This Notice summarizes the proposed Settlement. More details are in the Stipulation dated as of February 4, 2014 and the GSA. You can obtain a copy of the Stipulation or the GSA or more information about the Settlement by contacting Lead Counsel:

> Jeremy A. Lieberman
> Pomerantz Grossman Hufford
> Dahlstrom & Gross LLP
> 600 Third Avenue
> New York, NY 10016
> Tel: (212) 661-1100
> jalieberman@pomlaw.com

or the Settlement Administrator:

> Gerova Financial Group, Ltd., Securities
> Litigation
> c/o Strategic Claims Services
> P.O. Box 230
> 600 N. Jackson Street, Suite 3
> Media, PA 19063
> Toll-Free: 866-274-4004

or by visiting www.strategicclaims.net

You can also obtain a copy from the Clerk's office during regular business hours:

> Clerk of the Court
> United States District Court
> Southern District of New York
> Daniel Patrick Moynihan U.S. Courthouse
> 500 Pearl St.
> New York, NY 10007-1312

## UNDERSTANDING YOUR PAYMENT

The Net Settlement Fund shall be distributed to Class Members who submit acceptable Proofs of Claim and Release forms ("Authorized Claimants") in the following manner:

The Settlement Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below. The Recognized Loss formula is intended to equitably apportion the Net Settlement Fund among Authorized Claimants. The Recognized Loss formula is not an estimate of what an Authorized Claimant would have recovered after trial; nor is it the amount that the Authorized Claimant will be paid pursuant to the Settlement.

As within the groups of Authorized Claimants described below, an Authorized Claimant's actual share of the Net Settlement Fund will be determined by the ratio of the Authorized Claimant's Recognized Loss divided by the aggregate of the Recognized Loss of all Authorized Claimants within the Claimant's group.

This Plan of Allocation is based on the following principles applicable to Class Members if the Action had gone to trial: Lead Plaintiffs asserted claims pursuant to Section 10(b) of the Securities Exchange Act of 1934 ("Section 10(b)"). Damages under Section 10(b) are calculated, among other things, by determining the stock price drop caused by the disclosure of information correcting prior materially false and misleading statements or reflecting materializations of risks which were a foreseeable consequence of the alleged concealment. Lead Plaintiffs contended in the Action, among

other things, that the first corrective disclosure or materialization of the risk of materially false and misleading statements complained of occurred on January 10, 2011.

For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price or value of the security. Lead Plaintiffs have alleged that corrective information released to the market had an impact on the market prices of Gerova securities on ten separate days: January 10, 2011; January 11, 2011; January 18, 2011; January 19, 2011; January 20, 2011; February 11, 2011; February 14, 2011; February 15, 2011; February 16, 2011; and May 20, 2011. In order to have a Recognized Loss under the Plan of Allocation, with respect to Common Stock, Warrants and Units, the common stock, warrants, or units must have been purchased during the Class Period and held through at least one of the dates identified above.

## CALCULATION OF RECOGNIZED LOSS PER SECURITY

*Gerova Common Stock, Warrants, and Units*

1. For Gerova common stock, warrants, units purchased between January 8, 2010 and February 23, 2011:

   a. *sold between January 8, 2010 and February 23, 2011,* an Authorized Claimant's Recognized Loss per Security shall be the lesser of (but not less than zero): (i) the amount paid for the security minus the amount received upon sale of the security; or (ii) the Loss per Security at purchase as shown in the table below minus the Loss per Security at sale shown in the table below;

   b. *if held as of the close of trading on February 23, 2011,* an Authorized Claimant's Recognized Loss per Security shall be the lesser of (but not less than zero): (i) the amount paid for the security minus the holding value shown in the table below; or (ii) the Loss per Security at purchase as shown in the table below.

**Table—Security Loss Per Share**

| | | Loss Per Security | | |
|---|---|---|---|---|
| **Period Start** | **Period End** | **Common Stock** | **Warrants** | **Units** |
| January 8, 2010 | January 7, 2011 | $20.66 | $0.41 | $5.99 |
| January 10, 2011 | January 10, 2011 | $19.60 | $0.30 | $5.99 |
| January 11, 2011 | January 14, 2011 | $18.87 | $0.23 | $5.19 |
| January 18, 2011 | January 18, 2011 | $15.89 | $0.21 | $5.19 |
| January 19, 2011 | January 19, 2011 | $14.83 | $0.23 | $5.19 |
| January 20, 2011 | February 10, 2011 | $13.57 | $0.21 | $4.59 |
| February 11, 2011 | February 11, 2011 | $13.01 | $0.16 | $4.59 |
| February 14, 2011 | February 14, 2011 | $9.87 | $0.21 | $4.59 |
| February 15, 2011 | February 15, 2011 | $7.17 | $0.16 | $4.59 |
| February 16, 2011 | February 23, 2011 | $4.26 | $0.14 | $3.64 |
| | Holding Value | $1.02 | $0.02 | $0.11 |

2. No claim will be recognized for Gerova common stock, warrants, or units purchased after February 23, 2011.

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

3. The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible securities that participate in the Settlement, and when those securities were purchased and sold. The number of claimants who send in claims varies widely from case to case.

4. A purchase or sale of Gerova securities shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

5. Acquisition by Gift, Inheritance, or Operation of Law: If a Class Member acquired Gerova securities during the Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Gerova securities were originally purchased prior to commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be Zero ($0.00).

6.  Notwithstanding any of the above, receipt of Gerova securities during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Gerova securities.

7.  The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against the securities held as of the close of trading on January 7, 2010 (the last day before the Class Period begins) and then against the purchases during the Class Period.

8.  The Recognized Loss with respect to a purchase or acquisition of a Gerova security (stock, warrant, or unit), is calculated by multiplying the number of units of each such security by the appropriate recognized loss for a single unit of that security, as described above.[1]

9.  No Authorized Claimant whose proportionate share of cash distributions from the Net Settlement Fund is less than $10.00 shall receive a distribution from the Settlement Fund.

10.  Class Members who do not submit a timely request for exclusion and do not submit an acceptable Proof of Claim by the deadline for submitting claims, will not share in the recovery, but nevertheless will be bound by the Settlement and the Judgment of the Court dismissing this Action.

11.  Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.

***DO NOT TELEPHONE THE COURT REGARDING THIS NOTICE***

---

[1] The prices/numbers of each security should be adjusted to reflect the splits that occurred during the Class Period.

## SPECIAL NOTICE TO NOMINEES

The Court has ordered that if you held any Gerova securities purchased or acquired between January 8, 2010, and February 23, 2011, inclusive, as nominee for a beneficial owner, then, within ten (10) days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such beneficial owners; or (2) provide a list of the names and addresses of such beneficial owners to the Settlement Administrator:

Gerova Financial Group, Ltd. Securities Litigation

c/o Strategic Claims Services

P.O. Box 230

600 N. Jackson Street, Suite 3

Media, PA 19063

Toll-free phone: 866-274-4004

www.strategicclaims.net

If you choose to mail the Notice and Proof of Claim and Release form yourself, you may obtain from the Settlement Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for administrative costs actually incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Settlement Administrator.

DATED: FEBRUARY 6, 2014

_____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

## PROOF OF CLAIM AND RELEASE FORM

**This Proof of Claim and Release Form applies to Class Members in the following Action:**

*Arar v. Gerova Financial Group, Ltd., et al.*, No. 11-CV-3081-SAS in the United States District Court for the Southern District of New York.

## A.  GENERAL INSTRUCTIONS & INFORMATION

1.  You are urged to read carefully the accompanying Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice"). All capitalized terms used herein shall have the same meaning as defined in the Notice, the Global Settlement Agreement ("GSA") and/or the Stipulation and Agreement of Settlement ("Stipulation of Settlement").

2.  To file a claim and recover under the Settlement of this Litigation (as defined in the Stipulation of Settlement), you must submit this Proof of Claim and Release Form (the "Proof of Claim"). However, such filing is not a guarantee that you will share in the proceeds of the Settlement in the Litigation.

**3.  You must mail your completed and signed Proof Of Claim postmarked on or before May 20, 2014, addressed to the Settlement Administrator at:**

**Gerova Financial Group, Ltd. Securities Litigation**
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 3
Media, PA 19063
Toll-free phone: 866-274-4004
www.strategicclaims.net

4.  If you are a member of the Settlement Class and you do not timely request exclusion, you will be bound by the terms of any judgment entered in the Action.

5.  If you are **not** a member of the Settlement Class, **do not** submit a Proof of Claim.

**6.  If you need assistance filling out this Proof of Claim, please contact the Settlement Administrator.**

## B.  INSTRUCTIONS FOR FILLING OUT THE PROOF OF CLAIM FORM

**Important additional information regarding the Settlement and this Proof of Claim is contained in the accompanying Notice. Please refer to the Plan of Allocation set forth in the accompanying Notice for a detailed explanation of how a Claimant's Recognized Loss will be calculated.**

1.  In order to be eligible to participate in the distribution of the Net Settlement Fund, a claimant ("Claimant") must have purchased or otherwise acquired Gerova Financial Group, Ltd. ("Gerova") securities (stock symbols: CIO, CIO.WS, CIO.U, GFC, GFC.WS, GFC.U) on the New York Stock Exchange (NYSE), NYSE Alternext US exchange (later named the NYSE Amex Exchange), or by other means involving transactions in the United States, during the period between January 8, 2010 to February 23, 2011, inclusive (the "Class Period").

2.  The submission of a Proof of Claim does not ensure that your claim will be upheld or that you will share in any recovery. All claims are subject to verification and investigation. You may be requested to provide further information.

3.  All claims must be made by persons or entities who were beneficial owners (as opposed to record holders or nominees) of shares of Gerova securities. (Brokerage firms, banks and other nominees are requested to transmit copies of the Notice and Proof of Claim to their present or former customers who were such beneficial owners.) If shares of Gerova securities were owned jointly, all joint owners must complete and sign the Proof of Claim.

4.  Executors, administrators, guardians, conservators and trustees may complete and sign the Proof of Claim on behalf of persons or entities represented by them, but they must identify such persons or entities and provide proof

of their authority (*e.g.,* powers of attorney or currently effective letters testamentary or letters of administration) to do so.

5.   You must file a separate Proof of Claim for each differently named account or ownership, such as an individual account, an IRA account, a joint account, or a custodial account, etc. Joint tenants, co-owners, or custodians UGMA should file a single claim. Claimants who file one or more claims (*e.g.,* one in Claimant's name and one for an IRA or joint ownership) must identify the other claims filed.

6.   There will be no Recognized Loss attributed to any Gerova securities other than securities purchased on the New York Stock Exchange (NYSE), NYSE Alternext US exchange (later named the NYSE Amex Exchange), or by other means involving transactions in the United States, during the period between January 8, 2010 to February 23, 2011, inclusive (the "Class Period").

7.   The date of purchase and/or sale of shares of Gerova securities is the "trade" date and not the "settlement" date.

8.   The first-in, first-out basis ("FIFO") will be applied to both purchases and sales.

9.   Exercise of option contracts will be considered to be purchases or sales of common stock. Option premiums will be incorporated into the purchase/sale price of the common stock accordingly.

10.   The date of covering a "short sale" is deemed to be the date of purchase of Gerova security; and the date of a "share sale" is deemed to be the date of sale of Gerova security.  Shares originally sold short will have a Recognized Loss of zero.

11.   No cash payment will be made on a claim where the potential distribution is less than $10.00.

12.   You must attach to your claim form **copies** of brokerage confirmations, monthly statements or other documentation of your transactions in Gerova securities in order for your claim to be valid.  If such documents are not available, a complete list of acceptable supporting documentation can be found on the Settlement Administrator's website: www.strategicclaims.net  (click on "Cases" and then click on "Gerova Financial Group, Ltd. Securities Litigation").  Failure to provide this documentation could delay verification of your claim or could result in rejection of your claim.

13.   If your trading activity during the Class Period exceeds 50 transactions, you must provide all purchase and sale information required in the Schedule of Transactions in an electronic file.  For a copy of instructions and the parameters concerning an electronic submission, contact the Settlement Administrator by phone: 866-274-4004; or via the website: www.strategicclaims.net.

14.   If you have any questions or need additional Proofs of Claim, contact the Settlement Administrator via the information set forth in the preceding paragraph.  You may make photocopies of this form.

*Arar v. Gerova Financial Group, Ltd., et al.*, No. 11-CV-3081-SAS

### PROOF OF CLAIM
**This Form must be received by the Settlement Administrator postmarked no later than May 20, 2014.**

#### C. CLAIMANT IDENTIFICATION *(Please Type or Print)*

Beneficial Owner's Name *(as it appears on your brokerage statement)*

Joint Beneficial Owner's Name *(as it appears on your brokerage statement)*

Record Owner's Name *(if different from beneficial owner listed above)*

Street Address

City:          State:          Zip Code:

Foreign Province and Postal Code:          Foreign Country:

Social Security Number (for individuals)          OR          Taxpayer Identification Number (for estates, trusts, corporations, etc.)

Area Code Telephone No. (Day)          Area Code Telephone No. (Night)          Area Code Facsimile Number

Email

Check One:  ☐ Individual(s)  ☐ Corporation  ☐ UGMA Custodian  ☐ IRA
           ☐ Partnership  ☐ Estate  ☐ Trust  ☐ Other (specify)

#### D. SCHEDULE OF TRANSACTIONS IN GEROVA SECURITIES

**1.** State the total number of shares of Gerova securities owned at the close of trading on January 7, 2010, long or short *(if none, enter "0"; if other than zero, must be documented)*:

| Common Stock | Warrants | Units |
| --- | --- | --- |
|  |  |  |

2. Separately list each and every **purchase** of Gerova securities during the period January 8, 2010 **through** February 23, 2011, and provide the following information *(must be documented)*:

| Purchase Date (List Chronologically) (Month / Day / Year) | Number of Shares Purchased | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Purchase Price *(excluding commissions, taxes, and other fees)*, taxes, and fees) | Type of Security *(Common (C), Warrant (W) or Unit (U)* |
| --- | --- | --- | --- | --- |
| / / | | $    . | $    . | |
| / / | | $    . | $    . | |
| / / | | $    . | $    . | |
| / / | | $    . | $    . | |

3. Separately list each and every **sale** of Gerova securities during the period January 8, 2010 **through** February 23, 2011 and provide the following information *(must be documented):*

| Sale Date *(list chronologically)* Month/Day/Year | Number of Shares Sold | Price Per Share *(excluding commissions, taxes, and other fees)* | Total Sale Price *(excluding commissions, taxes, and other fees)* | Type of Security *(Common (C), Warrant (W) or Unit (U)* |
|---|---|---|---|---|
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐ . ☐☐ | $ ☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐ . ☐☐ | $ ☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐ . ☐☐ | $ ☐☐☐☐☐☐ . ☐☐ | ☐ |
| ☐☐ / ☐☐ / ☐☐☐☐ | ☐☐☐☐☐☐ | $ ☐☐☐☐ . ☐☐ | $ ☐☐☐☐☐☐ . ☐☐ | ☐ |

4. State the total number of shares of Gerova securities owned at the close of trading on February 23, 2011, long or short *(if none, enter "0"; if other than zero, must be documented):*

| Common Stock | Warrants | Units |
|---|---|---|
| | | |

**If you need additional space, attach the required information on separate, numbered sheets in the same format as above and print your name and Social Security or Taxpayer Identification number at the top of each additional sheet.**

**YOU MUST ALSO READ THE RELEASE AND SIGN THE CERTIFICATION OR THE W-8 CERTIFICATION BELOW**

**E.  SUBMISSION TO JURISDICTION OF THE COURT**

By submitting this Proof of Claim Form and Release, I/we, and every Class member I/we represent, submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of this Action and the Settlement of the Action, as reflected in the Stipulation of Settlement (the "Settlement"). I/We further agree to be bound by the orders of the Court, agree that this Proof of Claim Form, my/our status or the status of the Class member I/we represent as a Claimant, and the allowable amount of this claim will be subject to review and further inquiry, and that I/we will furnish such additional documentation with respect to this Proof of Claim as may be required.

**F.  RELEASE**

By signing this Proof of Claim and Release Form, and in consideration of the establishment of the Settlement Consideration, as of the effective date thereof, the undersigned claimant ("Claimant"), on behalf of Claimant and Claimant's predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, executors, trustees, and administrators, hereby fully, finally, and forever releases, relinquishes and discharges each and every Settled Claim (as defined in the GSA and Stipulation of Settlement) against the Released Parties (as defined in the GSA and Stipulation of Settlement).  Claimant shall be forever barred and enjoined from instituting, prosecuting, participating, continuing, maintaining or asserting any or all of the Settled Claims, whether known or unknown, against the Released Parties, whether directly or indirectly, whether in the United States or elsewhere, and whether on Claimant's own behalf or on the behalf of others.

The releases set forth in the Stipulation of Settlement shall cover all claims, both known claims and Unknown Claims (as defined in the Stipulation of Settlement), in the form mutually agreed upon by all Parties to the Stipulation of Settlement.

**G.  REPRESENTATIONS**

I/We acknowledge that I/we have read the Notice, and that pursuant thereto I/we file this claim to participate in the Settlement.

I/We hereby warrant and represent that neither I/we, nor any person I/we represent, is a Defendant (as defined in the Notice) with respect to any of the claims asserted in the Litigation, a member of the immediate family of any of the Individual Defendants, or a person or entity who has requested exclusion from the Class.

I/We hereby warrant and represent that I am/we are authorized to execute and deliver this Proof of Claim and Release Form.

### H. CERTIFICATION

I/We certify that I am/we are not subject to backup withholding. **(If you have been notified by the IRS that you are subject to backup withholding, strike out the previous sentence.).**

**I/We certify that I/we purchased or otherwise acquired Gerova securities on the New York Stock Exchange (NYSE), NYSE Alternext US exchange (later named the NYSE Amex Exchange), or by other means involving transactions in the United States, during the period between January 8, 2010 to February 23, 2011, inclusive (the "Class Period").**

I/We declare and affirm under penalties of perjury that the foregoing information and the documents attached hereto, including the Social Security or Taxpayer Identification Number shown on this Proof of Claim, are true, correct and complete to the best of my/our knowledge, information and belief, and that this Proof of Claim was executed this _____ day of _____, 201____ in: _____

_____          _____
(City)                                                        (State/Country)


_____          _____
Signature of Claimant                                  Signature of Joint Claimant, if any


_____          _____
(Print your name here)                                  (Print your name here)


_____
Signature of Person signing on behalf of Claimant


_____
(Print your name here)


_____
Capacity of person signing on behalf of Claimant, if other than an individual, (Executor, President, Custodian, etc.)

---

**SUBSTITUTE FORM W-8:** IF YOU ARE NOT A RESIDENT OR CITIZEN OF THE UNITED STATES, COMPLETE THE FOLLOWING:

Permanent residence (principal office if a corporation)

If your claim is connected with a trade or business conducted in the U.S., please provide the name and address of your U.S. business, the type of business, and the Federal Tax Identification Number of the U.S. business.

_____
Name of U.S. Business

_____
Address of U.S. Business

_____          _____
Type  of Business                                       Tax Identification Number

**W-8 Certification:** Under the penalties of perjury, I/we certify that the information provided above is true, correct and complete.

Signature(s) _____          Date: _____

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT
AMOUNT OF TIME. THANK YOU FOR YOUR PATIENCE.**

**Reminder Checklist:**

1. Remember to sign the above Certification (or W-8 Certification).

2. Remember to attach only **copies** of acceptable supporting documentation, a complete list of which can be found on the Settlement Administrator's website.

3. Do not send originals of securities certificates.

4. Keep copies of the completed claim form and documentation for your own records.

5. If you desire an acknowledgment of receipt of your claim form, please send it Certified Mail, Return Receipt Requested, or its equivalent. **You will bear all risks of delay or non-delivery of your claim.**

6. If your address changes in the future, or if these documents were sent to an old or incorrect address, please send us **written** notification of your new address.

If you have questions or concerns regarding your claim, please contact the Settlement Administrator at:

**Gerova Financial Group, Ltd. Securities Litigation**
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 3
Media, PA 19063
Toll-free phone: 866-274-4004
www.strategicclaims.net

[THIS PAGE INTENTIONALLY LEFT BLANK]

*In re Gerova Financial Group, Ltd. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 3
Media, PA 19063

**PLEASE FORWARD**

PRESORTED
FIRST CLASS MAIL
U.S. POSTAGE
PAID
PERMIT NO. 138
PHILADELPHIA, PA

# FIRST CLASS MAIL

**PLEASE FORWARD—IMPORTANT LEGAL NOTICE**

EXHIBIT B

## REQUEST FOR NAMES AND ADDRESSES OF CLASS MEMBERS

STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 3
MEDIA, PA   19063
PHONE:  (610) 565-9202          EMAIL: info@strategicclaims.net   FAX:  (610) 565-7985

### March 3, 2014

Enclosed is a copy of the "NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION, MOTION FOR ATTORNEYS' FEES AND EXPENSES, AND SETTLEMENT FAIRNESS HEARING". This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

IF YOU PURCHASED OR OTHERWISE ACQUIRED SHARES OF GEROVA SECURITIES BETWEEN JANUARY 8, 2010 AND FEBRUARY 23, 2011, INCLUSIVE, ON THE NEW YORK STOCK EXCHANGE (NYSE), NYSE ALTERNEXT US EXCHANGE (LATER NAMED THE NYSE AMEX EXCHANGE), OR BY OTHER MEANS INVOLVING TRANSACTIONS IN THE UNITED STATES.

Excluded from the Settlement Classes are the Defendants, and members of any of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| GEROVA FINANCIAL GROUP, LTD. SECURITIES LITIGATION<br>Case No.: 11-CV-3081-SAS<br>Exclusion Deadline: May 12, 2014<br>Objection Deadline: May 19, 2014<br>Claims Filing Deadline: May 20, 2014<br>Final Settlement Hearing: June 9, 2014 | Cusip No.:<br> Common Stock: #G38490200 (old #G38490101 and G0538M105)<br> Warrants: #G38490176 (old#G38490135)<br><br>Stock Symbols:<br>CIO, CIO.WS, CIO.U, GFC, GFC.WS, GFC.U |

### PER COURT ORDER, PLEASE RESPOND WITHIN 10 DAYS FROM THE DATE OF THIS NOTICE.

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. Supply us with the names and addresses of your beneficial purchasers/owners and we will do the mailing of the Notice and Claim Form. Please provide us this information electronically.  If you are not able to do this, labels will be accepted but it is important that a hardcopy list also be submitted of the names of your clients; or
3. Advise us of how many beneficial purchasers/owners you have and we will supply you with ample forms to do the mailing.

**You are able to bill us for any reasonable cost not to exceed $0.10 per name and address plus postage expenses, if applicable. If you believe your invoice will be more than the allowed amount, please contact our office.**

You are on record as having been notified of this legal matter. A copy of the Notice of Proposed Settlement of Class Action, Motion for Attorneys' Fees and Expenses, and Settlement Fairness Hearing and Proof of Claim and Release Form is available on our website at www.strategicclaims.net.  You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,
Settlement Administrator
Gerova Financial Group, Ltd. Securities Litigation

EXHIBIT C

**Josephine Bravata**

| | |
|---|---|
| **From:** | support@globenewswire.com |
| **Sent:** | Tuesday, March 18, 2014 8:01 AM |
| **To:** | jbravata@strategicclaims.net |
| **Cc:** | jbravata@strategicclaims.net |
| **Subject:** | GlobeNewswire Cross Time Report: Pomerantz Grossman Hufford Dahlstrom & Gross LLP |
| **Flag Status:** Flagged | |

## CROSS TIME REPORT

**Pomerantz Grossman Hufford Dahlstrom & Gross LLP and Wohl & Fruchter LLP Announces Proposed Class Action Settlement on Behalf of Purchasers of Gerova Financial Group, Ltd. Securities -- GVFG, GVFGU, GVFGW**

*Cross time: March 18, 2014 08:00 (ET) - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930, and enter option #1.

You received this email because you are registered on NASDAQ OMX GlobeNewswire with this email address.

GlobeNewswire | Corporate Headquarters: 5200 W. Century Blvd. Suite 890, Los Angeles, CA 90045

Copyright © 2014 GlobeNewswire, Inc.

# INVESTOR'S BUSINESS DAILY®

### Affidavit of Publication

Name of Publication:    Investor's Business Daily
Address:    12655 Beatrice Street
City, State, Zip:    Los Angeles, CA 90066
Phone #:    310.448.6700
State of:    California
County of:    Los Angeles

I, **Stephan Johnson**, for the publisher of **Investor's Business Daily,** published in the city of Los Angeles, state of California, county of Los Angeles hereby certify that the attached notice for **Strategic Claims Services** was printed in said publication on the following date:

### March 18th, 2014: GEROVA FINANCIAL GROUP, LTD. SECURITIES LITIGATION

State of California
County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 18th day of March, 2014,

by _____, proved to me on the basis of

satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)



RICHARD C. BRAND II
Commission # 1923876
Notary Public - California
Los Angeles County
My Comm. Expires Feb 25, 2015

**A8**  TUESDAY, MARCH 18, 2014

# MUTUAL FUND PERFORMANCE

INVESTORS.COM

UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK

In re GEROVA FINANCIAL GROUP, LTD. SECURITIES LITIGATION

No. 11-md-2275-SAS
ECF CASE

ALI ARAB, ET AL., Individually and on Behalf of All Others Similarly Situated,
Plaintiffs,
vs.
GEROVA FINANCIAL GROUP, LTD., ET AL.,
Defendants.

ECF CASE
CLASS REPRESENTATION

**SUMMARY NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND SETTLEMENT HEARING**

TO: ALL PERSONS AND ENTITIES THAT PURCHASED OR OTHERWISE ACQUIRED GEROVA FINANCIAL GROUP, LTD. ("GEROVA") SECURITIES (STOCK SYMBOL: GFC.N, GFC.U, GFC.WS) BETWEEN JANUARY 8, 2010 AND FEBRUARY 23, 2011, INCLUSIVE (THE "SETTLEMENT CLASS PERIOD"), ON THE NEW YORK STOCK EXCHANGE (NYSE), NYSE ALTERNEXT US EXCHANGE (LATER NAMED THE NYSE AMEX EXCHANGE), OR OTHER NATIONAL SECURITIES EXCHANGE OR MARKET.

Excluded from the Class are Gerova, the individual Defendants and directors of Gerova or of any subsidiary of Gerova, and members of any of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest.

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that a hearing will be held on June 9, 2014, at 4:30 p.m., at the courthouse for the United States District Court, Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, for the purpose of determining, among other things, (1) whether the proposed Settlement of the Class's claims against the Settling Defendants for $1,372,000.00 should be approved as fair, reasonable and adequate; (2) whether the Plan of Allocation of the settlement proceeds should be approved; (3) whether the application for reimbursement of costs and expenses should be granted; and (4) whether the case should be dismissed with prejudice against the Settling Defendants as set forth in the Stipulation of Settlement, dated February 4, 2014 filed with the Court.

IF YOU PURCHASED OR OTHERWISE ACQUIRED shares of Gerova securities between January 8, 2010 and February 23, 2011, inclusive (the "Settlement Class Period"), on the New York Stock Exchange (NYSE), NYSE Alternext US Exchange (later named the NYSE Amex Exchange), or other national securities exchange or market, YOUR RIGHTS MAY BE AFFECTED BY THIS ACTION AND THE SETTLEMENT THEREOF. If you have not received a detailed Notice of Proposed Settlement of Class Action, Motion For Attorneys' Fees and Expenses, and Settlement Fairness Hearing (the "Notice") and a copy of the Proof of Claim and Release form, you may obtain them free of charge by contacting the Settlement Administrator by mail at:

Gerova Financial Group, Ltd. Securities Litigation,
c/o GCG Claims Services
P.O. Box 230
60 N. Jackson Street, Suite 3
Media, PA 19063-0230
Toll-free phone: 866-274-4004
www.gerovaclaims.net

If you are a member of the Class and wish to share in the Settlement money, you must submit a Proof of Claim postmarked no later than July 22, 2014, establishing that you are entitled to recovery. As further described in the Notice, you will be bound by any judgment entered in the Action, regardless of whether you submit a Proof of Claim, unless you exclude yourself from the Class, in accordance with the procedures set forth in the Notice, received no later than May 19, 2014. Any objections to the Settlement must be filed and served, in accordance with the procedures set forth in the Notice, received no later than May 19, 2014.

Inquiries, other than requests for the Notice, may be made to Co-Lead Counsel for the Class:
Jeremy A. Lieberman, Pomerantz LLP, 600 Third Avenue, New York, NY 10016, Telephone: 212-661-1100

**INQUIRIES SHOULD NOT BE DIRECTED TO THE COURT, THE CLERK'S OFFICE, THE DEFENDANTS, OR DEFENDANTS' COUNSEL.**

DATED: FEBRUARY 6, 2014

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

## SMALL-CAP GROWTH FUNDS VS. BIG-CAP GROWTH FUNDS



## VALUE FUNDS VS. GROWTH FUNDS



## Top Growth Funds
### Last 6 Months (All Total Returns)

| Mutual Fund | % Change Last 6 Mos | Performance Rating 36 Mos | $ Net Assets |
|---|---|---|---|
| Lord Abbett I SecMicroGr | +28 | A+ | 153 mil |
| Morgan Stan A MidCpGrpps | +24 | A+ | 287 mil |
| Morgan Stan A Focdrowth | +23 | A+ | 1,387 bil |
| Morgan Stan Ins CapGr I | +22 | A+ | 988 mil |
| TCM TCM SmGr | +22 | A+ | 288 mil |
| Fidelity Independnc | +21 | A+ | 3,879 bil |
| Ivy MicroGrowvA | +21 | A+ | 164 mil |
| Davis Funds A Opportunity | +20 | A+ | 313 mil |
| Federated A KaufSmlCap | +19 | A+ | 495 mil |
| Allianz A RCM Growth | +19 | A+ | 254 mil |
| Morgan Stan Ins SmCoGr I | +19 | A+ | 2,016 bil |
| Touchstone SandCplnsGr | +18 | A+ | 3.8 bil |
| Baron Partners | +18 | A+ | 1,125 bil |
| Principal Investors SmCpBlndJ | +18 | A+ | 215 mil |
| CG Cap Mkt Fds SmCapGr | +18 | A+ | 313 mil |
| Alger Spectra | +18 | B | 313 mil |
| Touchstone SandSel6rZ | +18 | A+ | 2,342 bil |
| Managers MicroCapsVc | +18 | A+ | 185 mil |
| BlackRock Inst Sml6Fd | +18 | A+ | 654 mil |
| JP Morgan Selct MidCapGr | +18 | A+ | 1,093 bil |
| Ridgeworth Large Gr I | +18 | A | 192 mil |
| Harbor CapAppr Ins | +18 | A+ | 20,516 bil |
| Janus T Srs Contrarian | +18 | A+ | 1,067 bil |
| Frank/Ymp Fr A SmCapGr | +18 | A+ | 661 mil |

## Top Growth Funds
### Last 12 Months (All Total Returns)

| Mutual Fund | % Change Last 12 Mos | Performance Rating 36 Mos | $ Net Assets |
|---|---|---|---|
| Lord Abbett I SecMicroGr | +68 | A+ | 153 mil |
| Morgan Stan A MidCpGrpps | +51 | A+ | 287 mil |
| Morgan Stan A Focdrowth | +50 | A+ | 1,387 bil |
| Morgan Stan Ins CapGr I | +49 | A+ | 988 mil |
| Buffalo Funds Micro Cap | +48 | A+ | 543 mil |
| Lord Abbett A Dvlp Gwth | +48 | A+ | 1,355 bil |
| Ivy MicroGrowvA | +48 | A+ | 164 mil |
| Morgan Stan Ins SmCoGr I | +46 | A+ | 2,016 bil |
| Fidelity OTC | +46 | A+ | 7,543 bil |
| PRIMECAP Odyssey Fund AggrGrowth | +45 | A+ | 5.03 bil |
| Managers MicroCapSvc | +43 | A+ | 185 mil |
| TCM TCM SmGr | +42 | A+ | 288 mil |
| Alliance Brnstn I SmCapGrow | +41 | A+ | 463 mil |
| Touchstone SandCplnsGr | +41 | A+ | 3.8 bil |
| RS SmCapGrA | +40 | A+ | 499 mil |
| Price NewHorizons | +40 | A+ | 15,523 bil |
| JP Morgan Insht Small Grow | +39 | A+ | 314 mil |
| Price LgCpGrInstl | +39 | A+ | 9.27 bil |
| Kinetics SmCpOppor | +39 | A+ | 276 mil |
| Columbia Z Sel Lg Gr | +39 | A+ | 4,107 bil |
| Frank/Ymp Fr A SmCapGr | +39 | A+ | 661 mil |
| Principal Investors SmGrfl Ins | +38 | A+ | 165 mil |
| Legg Mason A CBAggGr | +38 | A+ | 4,404 bil |