# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

In re GEROVA FINANCIAL GROUP, LTD.
SECURITIES LITIGATION

No. 11 MD 2275-SAS

ECF CASE

------------------------------------- x

RUTLAND BAKER, BRUCE HENRY,
ELEANORE KRAM, ALI ARAR and
XIANHUA XU, Individually and on Behalf of
All Others Similarly Situated,

No. 11 Civ. 3081-SAS

                    Plaintiffs,

ECF CASE

- against -

GEROVA FINANCIAL GROUP, LTD., GARY
HIRST, MICHAEL HLAVSA, JOSEPH
BIANCO, JACK DOUECK, ARIE VAN ROON,
KEITH LASLOP, RICHARD RUDY,
STILLWATER CAPITAL PARTNERS, INC., and
STILLWATER CAPITAL PARTNERS, LLC,

                    Defendants.

------------------------------------- x

**DECLARATION OF JEREMY A. LIEBERMAN IN SUPPORT OF THE OPEN-
MARKET PLAINTIFFS' MOTION FOR AN AWARD OF ATTORNEYS' FEES,
REIMBURSEMENT OF EXPENSES, AND AWARDS TO CERTAIN PLAINTIFFS**

I, Jeremy A. Lieberman, hereby declare as follows:

1.     I am a partner in the law firm of Pomerantz LLP.  I submit this Declaration in support of my firm's application for an award of attorneys' fees and reimbursement of expenses in connection with services rendered in the above-captioned class action litigation (the "Action").  My firm is co-lead counsel for the Open-Market Plaintiffs.

2.     The total number of hours spent on this litigation by my firm is 1,170.  The total lodestar amount for attorney time based on the firm's current rates is $767,744.  The hourly rates for the attorneys shown below are on par with market rates and have been accepted in other securities litigation.  The following chart was prepared from contemporaneous daily time records maintained by my firm.  Time expended in preparing this application for fees and reimbursement of expenses has not been included in this request.  A breakdown of the lodestar is as follows:

| NAME | HOURS | RATE | LODESTAR |
|------|-------|------|----------|
| Bruckner, Gustavo (P) | 1 | $770 | $770.00 |
| Cowart, Jason S. (P) | 1.5 | $755 | $1,132.50 |
| Dahlstrom, Patrick V. (P) | 16.5 | $905 | $14,932.50 |
| Dell, Jessica N. (A) | 344 | $520 | $178,880.00 |
| Gilmore, Emma (A) | 29.3 | $605 | $17,726.50 |
| Gross, Marc I. (P) | 12.5 | $980 | $12,250.00 |
| Hodgson, R.J. (SA) | 81.0 | $605 | $49,005.00 |
| Lieberman, Jeremy A. (P) | 368.35 | $800 | $294,680.00 |
| Maul, Anthony F. | 62.8 | $605 | $37,994.00 |
| Oliver, Marie L. (A) | 53.0 | $585 | $31,005.00 |
| Qian, Fei-Lu (A) | 9.3 | $555 | $5,161.50 |
| Rushd, Shaheen (P) | 39.75 | $810 | $32,197.50 |
| Silverman, Joshua B. (P) | 1.5 | $755 | $1,132.50 |
| Smollar, Leigh H. (P) | 9.0 | $755 | $6,795.00 |
| Walsh, Murielle J. (P) | 1.0 | $755 | $755.00 |
| Weinrib, Tamar A. | 131.3 | $600 | $78,780.00 |
| Carino, Michelle (A) | 6.5 | $625 | $4,062.50 |
| Jarmon, Rebecca (PL) | 1.7 | $285 | $484.50 |
| **Attorney Totals:** | **1170** | | **$767,744.00** |

(P) Partner
(A) Associate
(SA) Staff Attorney
(PL) Paralegal

3.      My firm also incurred a total of $82,626.92 in expenses in connection with the prosecution of this Action, for which it seeks reimbursement.  Below is a schedule of unbilled expenses:

| | |
|---|---|
| Computer Research | $9,262.96 |
| Filing Fees | $350.00 |
| Expert/Investigator Fees | $20,268.33 |
| Meals/Conferences | $493.13 |
| Mediator Fees | $40,322.09 |
| Messenger/Postage/Overnight Courier | $546.04 |
| Photocopies | $33.00 |
| Press Releases/Newswires | $925.00 |
| Service of Process | $2,312.00 |
| Telephone | $103.82 |
| Travel | $4,195.34 |
| Miscellaneous (Translations) | $2,915.00 |
| Clerical Overtime | $900.21 |
| **TOTAL:** | **82,626.92** |

4.      These expense items are billed separately and such charges are not duplicated in my firm's billing rates or the lodestar set forth above.

5.      With respect to the standing of my firm, attached hereto is a true and correct copy of a biography of my firm and the attorneys currently employed by the firm.

I declare under penalty of perjury that the foregoing facts are true and correct.

Executed this 5th day of May, 2014.

Jeremy A. Lieberman

# POMERANTZLLP

Pomerantz LLP is one of the nation's foremost specialists in corporate, securities, antitrust and ERISA class litigation. The Firm was founded in 1936 by the late Abraham L. Pomerantz, one of the "pioneers who developed the class action/derivative action field."[1] Mr. Pomerantz rose to national prominence as a "champion of the small investor" and a "battler against corporate skullduggery."[2] Today, led by Managing Partner Marc I. Gross, the Firm maintains the commitments to excellence and integrity passed down by Mr. Pomerantz. Mr. Gross has over thirty-five years' experience litigating securities fraud and derivative actions and is a Vice President of the Institute of Law and Economic Policy.

For over 75 years, the Firm has consistently shaped the law, winning landmark decisions that have expanded and protected investor rights, initiated historic corporate governance reforms, and enhanced protection of patients and doctors from abuses of managed care. In 2012 and 2013, Benchmark Litigation highlighted Pomerantz as a "Recommended" plaintiffs' firm; it named Marc I. Gross as a "Local Litigation Star" in New York, and Patrick V. Dahlstrom as a "Local Litigation Star" in Chicago. The *National Law Journal* recently named Pomerantz to its prestigious 2013 Plaintiffs' Hot List.

# SECURITIES LITIGATION

## SIGNIFICANT LANDMARKS
## IN SECURITIES-RELATED LITIGATIONS

In 2013, the federal district court in Texas issued an order enabling U.S. public pension funds represented by Pomerantz and others to proceed with individual claims under common law against BP plc, for losses that arose from the Deepwater Horizon debacle to BP plc securities purchased on the London Stock Exchange. This is the only case post-*Morrison* wherein U.S. investors have been able to pursue claims arising from stock purchases abroad. (See fuller discussion below, in "At the Vanguard, Post-*Morrison*.")

In June 2010, the court granted final approval of a $225 million settlement proposed by Pomerantz and Lead Plaintiff the Menora Group, with Comverse Technology and certain of Comverse's former officers and directors, after four years of highly contested litigation. The *Comverse* settlement is one of the largest securities class action settlements reached since the passage of the Private Securities Litigation Reform Act ("PSLRA").[3] It is the second-largest recovery in a securities litigation involving the backdating of options, as well as one of the largest recoveries – $60 million – from an individual

---

[1] New York Law Journal (August 1, 1983).

[2] Robert J. Cole, *Class Action Dean*, The National Law Journal, Vol. 1 No. 2 at 1 (Sept. 25, 1978).

[3] Institutional Shareholder Services, *SCAS "Top 100 Settlements Quarterly Report,"* (Sept. 30, 2010).

officer-defendant, Comverse's founder and former CEO, Kobi Alexander. *In re Comverse Technology, Inc. Sec. Litig.,* No. 06-CV-1825 (E.D.N.Y.)

Even before the enactment of the PSLRA, Pomerantz represented state agencies in securities class actions, including the Treasurer of the Commonwealth of Pennsylvania (recovered $100 million) against a major investment bank. *In re Salomon Brothers Treasury Litig.* (S.D.N.Y.).

Pomerantz recovered $50 million for the Treasurer of the State of New Jersey and several New Jersey pension funds in an individual action. This was a substantially higher recovery than what our clients would have obtained had they remained in a related federal class action. *Treasurer of the State of New Jersey v. AOL Time Warner, Inc.* (N.J. Super. Ct. Law Div., Mercer Co.).

Pomerantz has litigated numerous cases for the Louisiana School Employees' Retirement System. For example, as Lead Counsel, Pomerantz recovered $74.75 million in a securities fraud class action against Citigroup, its CEO Sanford Weil, and its now infamous telecommunications analyst Jack Grubman. *In re Salomon Analysts AT&T Litig.*, (S.D.N.Y.) Also, the Firm played a major role in a complex antitrust and securities class action which settled for over $1 billion. *In re NASDAQ Market-Makers Antitrust Litig.*, (S.D.N.Y.). Pomerantz was a member of the Executive Committee in *In re Transkaryotic Sec. Litig.*, (D. Mass), and in that role helped to win a $50 million settlement for the class.

In 2008, together with Co-Counsel, Pomerantz identified a substantial opportunity for recovery of losses in Countrywide mortgage-backed securities ("MBS") for three large New Mexico funds (New Mexico State Investment Council, New Mexico Public Employees' Retirement Association, and New Mexico Educational Retirement Board), that had been overlooked by all of the firms then in their securities litigation pool. We then filed the first non-class lawsuit by a public institution with respect to Countrywide MBS. *See New Mexico State Inv Council v. Countrywide Fin. Corp., et al.,* No. D-0101-CV-2008-02289 (N.M. 1st Dist. Ct.). In Fall 2010, we negotiated for our clients an extremely favorable but confidential settlement.

Pomerantz has also obtained stellar results for private institutions and Taft-Hartley funds. Below are a few examples:

- *In re Charter Communications, Inc. Secs. Litig.* (W.D. Mo.) (sole Lead Counsel for Lead Plaintiff StoneRidge Investment Partners LLC); $146.25 million class settlement, where Charter also agreed to enact substantive improvements in corporate governance.
- *In re American Italian Pasta Securities Litigation* (W.D. Mo.) (sole Lead Counsel for Lead Plaintiff Ironworkers Locals 40, 361 and 417; $28.5 million aggregate settlements).
- *Richardson and CC Partners, LLC v. Gray* (Sup. Ct. N.Y. Cty.); and *In re Summit Metals*, (Bankr. D. Del.) (two derivative actions where the Firm represented C.C. Partners Ltd. and obtained judgment of contempt against controlling shareholder for having made "extraordinary" payments to himself in violation of a preliminary injunction; persuaded the court to jail him for two years upon his refusal to pay; and, in a related action, won a $43 million judgment after trial and obtained turnover of stock of two companies).

Over its long history, Pomerantz has served as Lead or Co-Lead Counsel in numerous other cases, a few of which are listed below:

- *In re Medicis Pharmaceutical Corp. Securities Litigation* (U.S.D.C. Ariz. 2010)
  $18 million settlement in class action securities fraud litigation.
- *In re Sealed Air Corp. Sec. Litig.* (D.N.J. 2010)
  $20 million settlement in class action in which Pomerantz was Co-Lead Counsel representing the Louisiana Municipal Police Employees' Retirement System.
- *In re Elan Corp. Sec. Litig.* (S.D.N.Y. 2005)
  $75 million settlement in class action arising out of alleged accounting manipulations.
- *In re Livent, Inc. Noteholders Sec. Litig.* (S.D.N.Y. 2005)
  $17 million settlement for the class; plus summary judgment against remaining defendants for $36 million (including pre-judgment interest); totaling over 100% of claimed damages.
- *In re Safety-Kleen Corp. Stockholders Litig.* (D. S.C. 2004)
  $54.5 million in total settlements in class action alleging accounting manipulations by corporate officials and auditors; last settlement reached on eve of trial.
- *Mardean Duckworth v. Country Life Insurance Co.* (Ill. Cir. Ct., Cook Cty. 2000)
  $45 million recovery.
- *In re First Executive Corp. Sec. Litig.* (C.D. Cal. 1994)
  $102 million recovery for the class, exposing a massive securities fraud arising out of the Michael Milken debacle.
- *Snyder v. Nationwide Insurance Co.* (Sup. Ct., Onondaga Cty. 1998)
  Settlement valued at $100 million in derivative case arising from injuries to consumers purchasing life insurance policies.
- *In re Boardwalk Marketplace Sec. Litig.* (D. Conn. 1994)
  Over $66 million benefit in securities fraud action.
- *In re National Health Lab., Inc. Sec. Litig.* (S.D. Cal. 1995)
  $64 million recovery.
- *In re Telerate, Inc. Shareholders Litig.* (Del. Ch. 1989)
  $95 million benefit in case alleging violation of fiduciary duty under state law.
- *In re Force Protection, Inc.* (D.S.C.)
  $24 million settlement.

## SHAPING THE LAW

Not only has Pomerantz established a long track record of obtaining substantial monetary recoveries for our clients; whenever appropriate, we also pursue corporate governance reforms on their behalf. In *In re Chesapeake S'holder Deriv. Litig.*, No. CJ-2009-3983 (Dist. Okla.), for example, the Firm served as co-lead counsel, representing a public pension client in a derivative case arising from an excessive compensation package granted to Chesapeake's CEO and founder. This was a derivative action, not a class action. Yet it is illustrative of the results that can be obtained by an institutional investor in the corporate governance arena. There, we obtained a settlement which called for the repayment of $12.1 million and other consideration by the CEO. The *Wall Street Journal* (November 3, 2011) characterized the settlement as "a rare concession for the 52-year old executive, who has run the company largely by his own rules since he co-founded it in 1989." The settlement also included comprehensive corporate governance reforms.

The Firm has won many landmark decisions that have enhanced shareholders' rights and improved corporate governance. These include decisions that established that:

- shareholders have a right to a jury trial in derivative actions. *Ross v. Bernhard*, 396 U.S. 531 (1970).
- a mortgage-backed securities ("MBS") holder may bring claims if the MBS price declines even if all payments of principal and interest have been made. See New Mexico State Inv Council v. Countrywide Fin. Corp., et al., No. D-0101-CV-2008-02289, Transcript of Proceedings on March 25, 2009 (N.M. 1st Dist. Ct.)
- when a court selects a Lead Plaintiff under the Private Securities Litigation Reform Act ("PSLRA"), the standard for calculating the "largest financial interest" must take into account sales as well as purchases. *In re Comverse Technology Inc. Sec. Litig.*, 2007 U.S. Dist. LEXIS 14878 (E.D.N.Y. 2007).
- purchasers of options have standing to sue under federal securities laws. *In re Green Tree Fin. Corp. Options Litig.*, 2002 U.S. Dist. LEXIS 13986 (D. Minn. 2002).
- a company may have the obligation to disclose to shareholders its Board's consideration of important corporate transactions, such as the possibility of a spin-off, even before any final decision has been made. *Kronfeld v. Trans World Airlines, Inc.*, 832 F.2d 726 (2d Cir. 1987).
- specific standards for assessing whether mutual fund advisors breach fiduciary duties by charging excessive fees. *Gartenberg v. Merrill Lynch Asset Mgmt., Inc.*, 740 F.2d 190  (2d Cir. 1984).
- investment advisors to mutual funds are fiduciaries who cannot sell their trustee positions for a profit. *Rosenfeld v. Black*, 445 F.2d 1337 (2d Cir. 1971).
- management directors of mutual funds have a duty to make full disclosure to outside directors "in every area where there was even a possible conflict of interest."  *Moses v. Burgin*, 445 F.2d 369 (1st Cir. 1971).
- a managing underwriter can owe fiduciary duties of loyalty and care to an issuer in connection with a public offering of the issuer stock, even in the absence of any contractual agreement. Professor John C. Coffee, a renowned Columbia University securities law professor, commenting on the ruling, stated:  "It's going to change the practice of all underwriting." *EBC I, Inc. v. Goldman Sachs & Co.*, 5 N.Y. 3d 11 (2005).

## AT THE VANGUARD, POST *MORRISON*

The April 20, 2010 Deepwater Horizon rig explosion and the resulting oil spill – the worst in U.S. history – devastated countless lives and caused immeasurable environmental damage in the Gulf of Mexico and along its coastlines. The spill also impacted investors in BP p.l.c. ("BP"). Within weeks, the price of BP's ordinary shares and its American Depository Shares (ADS) plummeted nearly 50%, driven down by revelations regarding BP's prior misstatements about its commitment to safety and the true scope of the spill.

Although many BP investors immediately considered their legal options, the U.S. Supreme Court's decision in *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869 (2010) presented a seeming insurmountable hurdle. *Morrison* has been interpreted to bar use of the U.S. federal securities laws to recover investment losses incurred as a result of trades on foreign exchanges. Thus, although the U.S. federal securities laws protected purchasers of BP's ADS, which trade on the New York Stock Exchange, the same was not true for the much larger number of purchasers of BP's ordinary shares,

which trade on the London Stock Exchange. For investors who purchased BP common stock, they seemed to have no legal options in the U.S. court system.

With a long tradition of developing innovative ways to advance client interests, Pomerantz responded by developing a new legal theory, placing it once again at the vanguard of ground-breaking litigation. On behalf of its clients, Pomerantz is pursuing common law fraud and negligence claims against BP, in the U.S. courts, to recover losses associated with its clients' BP common stock investments. For investors who also purchased BP's ADS, Pomerantz is simultaneously pursuing U.S. federal securities claims – in the same lawsuit.

In a landmark 97-page decision publicly issued on October 10, 2013, the Honorable Keith Ellison of the United States District Court for the Southern District of Texas largely denied defendants' motion to dismiss a robust complaint against BP filed by Pomerantz on behalf of three U.S. pension funds. Judge Ellison rejected defendants' arguments that the case should be sent to courts in England, and his decision to apply English law negated the need to address defendants' arguments that the case should be dismissed under *Morrison* and the Dormant Commerce Clause of the U.S. Constitution. Pomerantz's clients can now proceed to discovery on their U.S. federal securities claims and their English common law claims.

This outcome represents a hard-fought, important victory for Pomerantz's clients. In total, Pomerantz currently represents two dozen clients in BP-related litigation, including U.S. municipal and county pension funds, U.S. limited partnerships and ERISA trusts, and European and Australian pension funds.

## COMMENTS FROM THE COURTS

Throughout its history, courts time and again have acknowledged the Firm's ability to vigorously pursue and successfully litigate actions on behalf of investors.

At the January 2012 hearing wherein the Court approved the settlement in *In re Chesapeake Shareholder Derivative Litig.* No. CJ-2009-3983 (Okla. Dist.), following oral argument by Marc I. Gross, the Hon. Daniel L. Owens stated, "Counsel, it's a pleasure, and I mean this and rarely say it. I think I've said it two times in 25 years. It is an extreme pleasure to deal with counsel of such caliber." (Tr. at 48).

In approving the $225 million settlement in *In re Comverse Technology Inc. Sec. Litig.*, No. 06-CV-1825 (E.D.N.Y.) in June 2010, Judge Nicholas G. Garaufis stated:

> As outlined above, the recovery in this case is one of the highest ever achieved in this type of securities action. . . . The court also notes that, throughout this litigation, it has been impressed by Lead Counsel's acumen and diligence. The briefing has been thorough, clear, and convincing, and . . . Lead Counsel has not taken short cuts or relaxed its efforts at any stage of the litigation.

In approving a $146.25 million settlement in *In re Charter Communications Sec. Litig.*, 02 Cv1186 (E.D. Mo. 2005), in which Pomerantz served as sole Lead Counsel, Judge Charles A. Shaw praised the Firm's efforts:

This Court believes Lead Plaintiff achieved an excellent result in a complex action, where the risk of obtaining a significantly smaller recovery, if any, was substantial. In awarding fees to Pomerantz, the Court cited "the vigor with which Lead Counsel . . . investigated claims, briefed the motions to dismiss, and negotiated the settlement." . . .

In approving a $24 million settlement in *In re Force Protection, Inc.* 08 CV 845 (D.S.C. 2011), Judge C. Weston Houk described the Firm as "attorneys of great ability and great reputation" and commended the Firm for having "done an excellent job."

In certifying a class in a securities fraud action against analysts in *DeMarco v. Robertson Stephens*, 2005 U.S. Dist. LEXIS (S.D.N.Y.), Judge Gerard D. Lynch stated that Pomerantz had "ably and zealously represented the interests of the class."

Numerous courts have made similar comments:

- Appointing Pomerantz Lead Counsel in *American Italian Pasta Co. Sec. Litig.*, No 05-CV-0725-W-ODS (W.D. Mo.), a class action that involved a massive fraud and restatements spanning several years, the District Court observed that the Firm ". . . has significant experience (and has been extremely effective) litigating securities class actions, employs highly qualified attorneys, and possesses ample resources to effectively manage the class litigation and protect the class's interests."

- In approving the settlement in *In re Wiring Devices Antitrust Litigation*, MDL Docket No. 331 (E.D.N.Y. Sept. 9, 1980), Chief Judge Jack B. Weinstein stated that "Counsel for the plaintiffs I think did an excellent job. . . . They are outstanding and skillful. The litigation was and is extremely complex. They assumed a great deal of responsibility. They recovered a very large amount given the possibility of no recovery here which was in my opinion substantial."

- In *Snyder v. Nationwide Insurance Co.*, Index No. 97/0633, (N.Y. Supreme Court, Onondaga County), a case where Pomerantz served as Co-Lead Counsel, Judge Tormey stated, "It was a pleasure to work with you. This is a good result. You've got some great attorneys working on it."

- In *Steinberg v. Nationwide Mutual Insurance Co.*, 99 CV 7725 (E.D.N.Y.), Judge Spatt, granting class certification and appointing the Firm as class counsel, observed: "The Pomerantz firm has a strong reputation as class counsel and has demonstrated its competence to serve as class counsel in this motion for class certification." (2004 U.S. Dist. LEXIS 17669 at *24)

- In *Mercury Savings and Loan*, CV 90-87 LHM (C.D. Cal.), Judge McLaughlin commended the Firm for the "absolutely extraordinary job in this litigation."

- In *Boardwalk Marketplace Securities Litigation*, MDL No. 712 (D. Conn.), Judge Eginton described the Firm's services as "exemplary," praised it for its "usual fine job of lawyering . . . [in] an extremely complex matter," and concluded that the case was "very well-handled and managed." (Tr. at 6, 5/20/92; Tr. at 10, 10/10/92)

- In *Nodar v. Weksel*, 84 Civ. 3870   (S.D.N.Y.), Judge Broderick acknowledged "that the services rendered [by Pomerantz] were excellent services from the point of view of the class represented, [and] the result was an excellent result." (Tr. at 21-22, 12/27/90)

- In *Klein v. A.G. Becker Paribas, Inc.*, 83 Civ. 6456 (S.D.N.Y.), Judge Goettel complimented the Firm for providing "excellent . . . absolutely top-drawer representation for the class, particularly in light of the vigorous defense offered by the defense firm." (Tr. at 22, 3/6/87)

- In *Digital Sec. Litig.*, 83-3255Y (D. Mass.), Judge Young lauded the Firm for its "[v]ery fine lawyering." (Tr. at 13, 9/18/86)

- In *Shelter Realty Corp. v. Allied Maintenance Corp.*, 75 F.R.D. 34, 40 (S.D.N.Y.), Judge Frankel, referring to Pomerantz, said: "Their experience in handling class actions of this nature is known to the court and certainly puts to rest any doubt that the absent class members will receive the quality of representation to which they are entitled."

- In *Rauch v. Bilzerian*, 88 Civ. 15624 (Sup. Ct. N.J.), the court, after trial, referred to Pomerantz partners as "exceptionally competent counsel," and as having provided "top drawer, topflight [representation], certainly as good as I've seen in my stay on this court."

# INSURANCE LITIGATION

Led by partner Robert J. Axelrod, Pomerantz's Insurance Practice Group  is the leading law firm practice group with a national practice representing plaintiffs – healthcare facilities such as hospitals and practice groups, and providers – against healthcare insurance companies. We have a proven track record of success in obtaining substantial benefits for our clients and in making new law and pursuing innovative legal strategies.

The keys to our success – in addition to the outstanding financial recoveries for our provider practice and facility clients – are two things that are rarely offered by a national law firm: the willingness to work on contingency, and the absence of conflicts. We do not, and will not, represent healthcare insurers. This ensures that we have the ability to represent our clients on internal appeals, in arbitration, and in litigation against any insurer in the country.

We obtained three of the largest recoveries ever achieved in healthcare ERISA litigation on behalf of our clients: a $350 million settlement with United HealthCare, a $250 million settlement with Health Net, Inc., and an up to $120 million settlement with Aetna, Inc.

We have made new law, particularly in the areas of recoupments and ERISA preemption. For example, in our representation of one client, a medical equipment provider to hospitals and surgery centers, we successfully argued in an appeal *en banc* before the Fifth Circuit that United Healthcare's alleged misrepresentations to our client were actionable under state law as well as ERISA. In *Tri3 v. Aetna*, the Third Circuit rejected Aetna's contention that its accusations against our client, another medical equipment provider, meant that ERISA did not apply. We will demonstrate that Aetna's recoupment of benefits without full and fair review violated ERISA.

We are focusing on insurers' efforts to force providers, hospitals, and provider practice groups to repay money through recoupments and offsets, a process we have successfully demonstrated is a

violation of ERISA. Recoupments costs hospitals and provider practice groups hundreds of millions of dollars a year, every year. Each commercial insurer dedicates substantial resources to recouping benefits from providers.

We are not afraid to go to trial. In *Blue Cross Blue Shield of Rhode Island v. Korsen*, we tried an ERISA and fraud action to verdict, resulting in a decision entirely favorable to our client – including that Blue Cross violated ERISA and that its accusations of fraud were baseless. In *Pennsylvania Chiropractic Association v. Blue Cross Blue Shield Association*, we tried an ERISA action against Independence Blue Cross on behalf of another client.

# ANTITRUST LITIGATION

Pomerantz has earned a national reputation for its expertise in antitrust litigation, serving in a leadership role in numerous complex and high profile antitrust class actions, including in *In re Methionine Antitrust Litigation* (N.D. Cal. 2002) ($107 million recovery) and *In re Sorbates Direct Purchaser Antitrust Litigation* (N.D. Cal. 2000) (over $82 million recovery). We played a prominent role in *In re NASDAQ Market-Makers Antitrust Litigation,* MDL 1023 (S.D.N.Y.), which resulted in a settlement in excess of $1 billion for class members.

In granting the fee request in *In re Salomon Brothers Treasury Litigation*, 91 Civ. 5471 (RPP) (S.D.N.Y.), where the firm successfully negotiated a $100 million settlement for the class in a complex antitrust and securities case, Judge Patterson stated:

> I am going to approve the settlement, and I am going to approve the attorneys' fees that you have requested with cost.
>
> As I am doing it so summarily, does not mean I have not considered it at length. But it does not need that much consideration because I've observed the conduct of the attorneys involved here. They get the work done, and it was a tough one.
>
> I think that there were a lot of people who thought there was going to be no recovery at all in this case.

In *In re Wiring Devices Antitrust Litigation*, MDL Docket No. 331 (E.D.N.Y. Sept. 9, 1980), where the firm was again Lead Counsel, Chief Judge Jack B. Weinstein stated:

> Counsel for the plaintiffs I think did an excellent job . . . . They are outstanding and skillful. The litigation was and is extremely complex. They assumed a great deal of responsibility. They recovered a very large amount given the possibility of no recovery here which was in my opinion substantial.

Over the past several years, Pomerantz' Antitrust Group has spearheaded an effort to challenge anticompetitive conduct by pharmaceutical companies designed to artificially inflate the price of

brand name prescription drugs and keep generic versions of the drug from entering into the marketplace. Pomerantz' attorneys in the Antitrust Group also bring additional education and experience specifically beneficial to pharmaceutical antitrust litigation, including backgrounds in nursing, economics and graduate work in health care administration. Pomerantz is currently serving as Interim Co-Lead Counsel in multiple pharmaceutical antitrust cases.

# MERGERS & ACQUISITIONS LITIGATION

Pomerantz has an expert class action mergers & acquisitions litigation team, led by Gustavo F. Bruckner. Recently, Mr. Bruckner was co-lead counsel in the matter of *In re Great Wolf Resorts, Inc. Shareholders Litigation*, No. C.A. 7328-VCN (Del. Ch. 2012), where the Firm obtained the elimination of stand-still provisions that allowed third parties to bid for Great Wolf Resorts, Inc., resulting in the emergence of a third-party bidder and approximately $94 million (57%) in additional merger consideration for Great Wolf shareholders.

In the recent settlement hearing argued by Mr. Bruckner in *In re JDA Software Group, Inc., Stockholder Litigation*, C.A. No. 8049-VCN, Vice Chancellor John W. Noble stated:

> The disclosures which the plaintiffs obtained through the settlement negotiations were material. . . . including information regarding financial analyses supporting the fairness opinion provided by the financing advisor, significantly enhanced financial projections, the fact that all but one of the buyers interested at the time had entered into a standstill agreement but nonetheless would have been allowed to propose a topping bid after announcement of the merger agreement, and projected synergies that might result from the RedPrairie acquisition. These disclosures collectively enhanced the stockholders' understanding of how the proposed merger came about and how the price they were going to receive had been determined, or perhaps more accurately, assess a fairness opinion.

> The most important factor is the benefit conferred upon the class. . . .

> The standing and ability of counsel cannot be questioned. They are experienced and know how to handle these types of cases.

# PARTNERS

## MARC I. GROSS

Marc I. Gross is Managing Partner of Pomerantz. For over three decades, Mr. Gross has focused on securities fraud class actions and derivative actions, while also litigating antitrust and consumer cases. Mr. Gross heads the Firm's Institutional Investor Practice and New Case Groups and is Lead Counsel in many of the Firm's major pending cases.

Mr. Gross' numerous notable achievements include: *In re BP plc Sec. Litig.* (individual and institutional investors have a right to sue under common law for purchases abroad); *In re Comverse Inc. Sec. Litig.* ($225 million settlement, including a $60 million contribution by the former CEO); *In re Charter Communications Inc. Sec. Litig.* ($146.25 million settlement); *In re Salomon Analyst AT&T Litig.* ($74.75 million settlement); *In re Elan Corp. Sec. Litig.* ($75 million settlement); *and Snyder v. Nationwide Insurance Co.* (derivative settlement valued at $100 million)**.** His role in high-profile cases has garnered international media attention. Mr. Gross has been interviewed on the CBS Evening News, the BBC, and numerous Israeli media sources. In 2012, Benchmark Litigation named Mr. Gross a "Local Litigation Star" in New York. He has been selected by his peers as a Super Lawyer five times, most recently in 2013.

Mr. Gross leads the Firm's ground-breaking litigations against BP. In the wake of *Morrison*, they developed an innovative legal strategy using state law as a viable path to recovery for BP common stockholders – in the U.S. federal court system. In a landmark 97-page decision publicly issued on October 10, 2013, the Honorable Keith Ellison of the United States District Court for the Southern District of Texas denied defendants' motion to dismiss Pomerantz's robust complaint filed on behalf of three U.S. pension funds that had purchased BP ordinary shares and ADS. Judge Ellison rejected defendants' arguments that the case should be sent to courts in England, and his decision to apply English law here negated the need to address defendants' arguments that the case should be dismissed under Morrison and the Dormant Commerce Clause of the U.S. Constitution. Pomerantz's clients can now proceed to discovery on their U.S. federal securities claims and their English law claims of deceit (fraud) and negligent misrepresentation.

Mr. Gross has extensive trial experience, including *In re Zila Inc. Securities Litig.* (D.C. Ariz. (PHX)) and *In re Zenith Labs Securities Litig.* (D.C. N.J.) Courts have consistently praised his lawyering. In approving the $225 million settlement in *Comverse*, Judge Garaufis stated, "Throughout this litigation, [the Court] has been impressed by Lead Counsel's acumen and diligence. The briefing has been thorough, clear, and convincing."

At the January 30, 2012 hearing wherein the Court approved the settlement of *In re Chesapeake Shareholder Derivative Litig.,* (whereby plaintiffs clawed back $13 million in excess compensation paid to CEO Aubrey McClendon) Judge Owens of the District Court of Oklahoma stated, "Counsel, it's a pleasure, and I mean this and rarely say it. I think I've said it two times in 25 years. It is an extreme pleasure to deal with counsel of such caliber."

Approving the $100 million settlement in *Snyder*, where Mr. Gross was the lead Pomerantz lawyer, the court stated: "I think you all did a very, very good job for all the people. You made attorneys

look good." Mr. Gross was also the attorney-in-charge of *Texas Int'l Co. Sec. Litig.* (W.D. Okla.), where, in granting class certification, the Court stated:  "The performance of plaintiffs' counsel thus far leaves the Court with no doubt that plaintiffs' claims will be vigorously and satisfactorily prosecuted throughout the course of this litigation." In the course of approving the subsequent settlement of the case, the Court added:

> I would like to compliment all the parties and attorneys in this case. . . . You have all worked together better than I think any case I've had that involved these extensive issues and parties and potential problems. And I for one appreciate it. And I think it shows certainly a great deal of professionalism on all your part.

Mr. Gross has been a member of the New York City Bar Association's Federal Courts Committee, an early neutral evaluator for the Eastern District of New York, and a mediator for the Commercial Division of the Supreme Court of the State of New York. He is currently a Vice President of the Institute of Law and Economic Policy ("ILEP"), a not-for-profit organization devoted to promoting academic research and dialogue in securities law issues and litigation, and for many years was an officer of the National Association of Shareholder and Consumer Attorneys ("NASCAT").

Mr. Gross speaks frequently at legal forums on shareholder-related issues. In 2013, he spoke at the National Conference on Public Employee Retirement Systems' ("NCPERS") Legislative Conference on "Morrison and Recoveries of Damages Arising From Fraudulent Foreign Investments," and at Loyola University Chicago School of Law's Institute for Investor Protection Conference on "The Effective and Ethical Use of Confidential Witnesses." In October 2012, he moderated a panel at the Second Annual Institute for Investor Protection Conference at the Loyola University Chicago School of Law, on "Behavioral Economics Applied:  Expert Witnesses, Event Studies, Loss Causation, and Damages Calculation." Among the panelists was Daniel R. Fischel, whose seminal article describing the application of financial economics to securities fraud litigation was a basis for the Supreme Court's decision in *Basic v. Levinson* adopting "fraud on the market." In 2011 he organized a conference on Proxy Access California; and chaired a panel on Pleading and other Pre-Trial requirements impacting class action suits at the annual ILEP conference; and spoke on *Morrison* and on Opportunities under Dodd-Frank for Say On Pay and Say on Contributions at the National Summit on the Future of Fiduciary Responsibility, organized by the American Conference Institute with responsible-investor.com.

Mr. Gross is valued by foreign investors for his expertise in the relevance to them of securities class actions in the United States, and how they might benefit from participation. In 2012, Mr. Gross spoke at the Tel Aviv Institutional Investors Forum on "Israel's Pyramids/Corporate Governance Lessons from the U.S." and in 2011, participated in a panel at the National Association of Pension Funds Conference in Edinburgh regarding the impact of U.S. class actions on U.K. investors.

Mr. Gross is the author of the article "Loser-Pays - or Whose 'Fault' Is It Anyway:  A Response to Hensler-Rowe's "Beyond 'It Just Ain't Worth It'," which appeared in 64 Law & Contemporary Problems (Duke Law School) (2001).

Mr. Gross graduated from New York University Law School in 1976, and received his undergraduate degree from Columbia University in 1973.

## PATRICK V. DAHLSTROM

Patrick Dahlstrom joined Pomerantz as an associate in the Fall of 1991 and became a partner in January 1996. He is a senior partner and the resident partner in the Firm's Chicago office. In 2012, Benchmark Litigation named Mr. Dahlstrom a "Local Litigation Star" in Chicago.

Mr. Dahlstrom is a member of the Firm's Institutional Investor Practice and New Case Groups, and has extensive experience litigating cases under the PSLRA. He was partner-in-charge of *In re Comverse Technology Sec. Litig*., No. 06-CV-1825 (E.D.N.Y.), in which the Firm, as Lead Counsel, recovered a $225 million settlement for the Class – the second-highest ever for a case involving the back-dating options, and one of the largest recoveries ever from an individual officer-defendant, the company's founder and former CEO. In *Comverse*, the Firm obtained an important clarification of how courts calculate the "largest financial interest" in connection with the selection of a Lead Plaintiff, in a manner consistent with *Dura*, 544 U.S. 336 (2005). Judge Garaufis, in approving the settlement, lauded Pomerantz:  "The court also notes that, throughout this litigation, it has been impressed by Lead Counsel's acumen and diligence. The briefing has been thorough, clear, and convincing, and . . . Lead Counsel has not taken short cuts or relaxed its efforts at any stage of the litigation."

In *DeMarco v. Robertson Stephens*, 2005 U.S. Dist. LEXIS (S.D.N.Y. 2005), Mr. Dahlstrom obtained the first class certification in a federal securities case involving fraud by analysts.

Mr. Dahlstrom's extensive experience in litigation under the PSLRA has made him an expert not only at making compelling arguments on behalf of Pomerantz' clients for Lead Plaintiff status, but also in discerning weaknesses of competing candidates. *In re American Italian Pasta Co. Sec. Litig*. and *Comverse* are the most recent examples of his success in getting our clients appointed sole Lead Plaintiff despite competing motions by numerous impressive institutional clients.

Mr. Dahlstrom was a member of the trial team in *In re ICN/Viratek Sec. Litig*. (S.D.N.Y.), which, after trial, settled for $14.5 million. Judge Wood praised the trial team:  "[P]laintiffs counsel did a superb job here on behalf of the class . . . This was a very hard fought case. You had very able, superb opponents, and they put you to your task . . . The trial work was beautifully done and I believe very efficiently done."

Mr. Dahlstrom's speaking engagements include interviews by NBC and the CBC regarding securities class actions, and among others, a presentation at the November 2009 State Association of County Retirement Systems Fall Conference as the featured speaker at the Board Chair/Vice Chair Session entitled: "Cleaning Up After the 100 Year Storm. How trustees can protect assets and recover losses following the burst of the housing and financial bubbles."

Mr. Dahlstrom is a 1987 graduate of the Washington College of Law at American University in Washington, D.C., where he was a Dean's Fellow, Editor in Chief of the Administrative Law Journal, a member of the Moot Court Board representing Washington College of Law in the New York County Bar Association's Antitrust Moot Court Competition, and a member of the Vietnam Veterans of America Legal Services/Public Interest Law Clinic. Upon graduating, Mr. Dahlstrom served as the Pro Se Staff Attorney for the United States District Court for the Eastern District of

New York and was a law clerk to the Honorable Joan M. Azrack, United States Magistrate Judge.

Mr. Dahlstrom is admitted to practice in New York and Illinois, as well as the United States District Courts for the Southern and Eastern Districts of New York, Northern District of Illinois, Northern District of Indiana, Eastern District of Wisconsin, District of Colorado, Western District of Pennsylvania, the United States Courts of Appeals for the Fourth, Sixth, Seventh and Eighth Circuits, and the United States Supreme Court.

## JEREMY A. LIEBERMAN

Jeremy A. Lieberman became associated with the Firm in August 2004, and became a partner in January 2010.

At Pomerantz, Mr. Lieberman specializes in securities litigation. He has had an active role in a number of high-profile securities class and derivative actions, including *Comverse Technology Sec. Litig.*, in which he and his partners achieved a historic $225 million settlement on behalf of the Class, which was the second-largest options backdating settlement to date.

Mr. Lieberman was lead counsel in *In re Medicis Corp. Sec. Litig.*, in which the Court recently approved an $18 million settlement, and is lead counsel in *In re China North East Petroleum Corp. Sec. Litig.*, and *In re Columbia Laboratories, Inc. Sec. Litig.*, and co-lead counsel in *In re Mellanox Technologies, Ltd. Sec. Litig.* and *In re China Automotive Systems, Inc. Sec. Litig.*

In *In re China North East Petroleum Corp. Sec. Litig.*, Mr. Lieberman achieved a significant victory for shareholders in the United States Court of Appeals for the Second Circuit, whereby the Appeals Court ruled that a temporary rise in share price above its purchase price in the aftermath of a corrective disclosure did not eviscerate an investor's claim for damages. The Second Circuit's decision was deemed "precedential" by the New York Law Journal, and provides critical guidance for assessing damages in a § 10(b) action.

Mr. Lieberman currently represents a number of banks and financial institutions in a class action on behalf of lenders arising out of the London Interbank Offered Rate ("LIBOR") rate rigging scandal.

Mr. Lieberman regularly consults with Pomerantz's international institutional clients, including pension funds, regarding their rights under the U.S. securities laws. Mr. Lieberman is working with the firm's international clients to craft a response to the Supreme Court's ruling in *Morrison v. Nat'l Australia Bank, Ltd.*, which limited the ability of foreign investors to seek redress under the federal securities laws. Currently, Mr. Lieberman is representing several UK and EU pension funds and asset managers in individual actions against BP PLC in the United States District Court for the Southern District of Texas.

Mr. Lieberman is a frequent lecturer regarding current corporate governance and securities litigation issues. In December 2012, he spoke at the Annual Provident Funds Coalition Conference in Eilat, Israel on *Morrison* and its implications for TASE investors. He also recently led a discussion regard U.S. securities class actions in Brussels, Belgium.

Mr. Lieberman graduated from Fordham University School of Law in 2002. While in law school, he served as a staff member of the Fordham Urban Law Journal. Upon graduation, he began his career at a major New York law firm as a litigation associate, where he specialized in complex commercial litigation.

Mr. Lieberman is a member of the New York State Bar Association and the Federal Bar Council. He is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York and Northern District of Illinois, and the United States Court of Appeals for the Second and Ninth Circuits.

## ROBERT J. AXELROD

Robert J. Axelrod is a partner, and head of the Firm's Insurance Practice Group, where he leads the Group's healthcare, antitrust, title, automobile, homeowners insurance, and as consumer fraud actions. He was on the successful trial team in *Addison v. American Medical Security* (Fla. Cir. Ct., Palm Beach Co.), and *Blue Cross Blue Shield of Rhode Island v. Korsen*, and the settled actions *American Medical Ass'n v. United Healthcare Corp.* ($350 million), *In re Aetna UCR Litigation* ($120 million), American *Dental Ass'n v. Aetna, Inc.* (S.D. Fla.), *Steinberg v. Nationwide Mut. Ins. Co.* (E.D.N.Y.) (automobile insurance), and *Wachtel v. Health Net, Inc.* ($250 million). Mr. Axelrod is also lead counsel in *Raffone v. First American Title Ins. Co.* (Fla. Cir. Ct., Nassau Co. Fl.), *Higgins v. Commonwealth Land Title Ins. Co.* (Fla. Cir. Ct., Nassau Co. Fl.) (class certifications upheld on appeal; summary judgments on liability), and *Grosso v. Fidelity National Title Ins. Co.* (Fla. Cir. Ct. Broward Co.) (class certification granted). Mr. Axelrod is Chair of the Executive Committee in *In re Aetna UCR Litigation.* He is co-lead counsel for providers in *In re Wellpoint, Inc. Out-of-Network "UCR" Rates Litigation,* MDL 2074; and *Medical Ass'n of Georgia v. Wellpoint.* He is litigating consumer fraud cases against Apple and Trilegiant. His recoupment actions include *Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n* (N.D. Ill.), *Ass'n of New Jersey Chiropractors v. Aetna, Inc.* (D.N.J.), *Premier Health Center P.C. v. UnitedHealth Group* (D.N.J.), *Tri3 v. Aetna*. In *In re Blue Cross Blue Shield Antitrust Litigation* (N.D. Ala.), Mr. Axelrod serves as chair of the written submissions committee for the provider track. Most recently, Mr. Axelrod co-wrote an *amicus* brief on behalf of the American Medical Association and the Medical Society of New Jersey in *Oxford Health Plans, LLC v. Sutter.*

Mr. Axelrod also represents a number of medical associations, including the American Medical Association, the Medical Society of the State of New York, and the American Dental Association, and such companies as U.S. Trust Company of New York and Hambrecht & Quist.

## GUSTAVO F. BRUCKNER

Gustavo F. Bruckner heads Pomerantz's class action mergers & acquisitions litigation team. Recently, Mr. Bruckner was co-lead counsel in the matter of *In re Great Wolf Resorts, Inc. Shareholders Litigation,* No. C.A. 7328-VCN (Del. Ch. 2012), where the Firm obtained the elimination of stand-still provisions thus allowing third parties to bid for Great Wolf Resorts, Inc., initiating a bidding war resulting in approximately $94 million (57%) in additional merger consideration for Great Wolf shareholders.

Mr. Bruckner previously served as Secretary to the Plaintiffs' Executive Committee and worked extensively on drafting and discovery in the In re Initial Public Offering Securities Litigation, arguably the largest coordinated securities litigation ever, involving more than 300 class actions alleging manipulation of the market for IPO stocks.

Mr. Bruckner also served as Chief-of-Staff to a New York City legislator.

He received his law degree from Benjamin N. Cardozo School of Law in 1992, where he served as an editor of the Moot Court Board. He obtained an undergraduate degree in Marketing and International Business with honors from New York University in 1988 and an MBA in Finance and International Business from New York University's Stern School of Business in 1989. He is a Mentor and Coach to the NYU Stern School of Business, Berkley Center for Entrepreneurial Studies, New Venture Competition.

Mr. Bruckner is licensed to practice in New York and New Jersey and is admitted to practice before the United States District Courts for the Eastern and Southern Districts of New York, the United States District Court for the District of New Jersey, United States Court of Appeals for the Second Circuit, and the United States Supreme Court. Mr. Bruckner also serves as an arbitrator in the Civil Court of the City of New York.

## JAYNE A. GOLDSTEIN

Jayne Arnold Goldstein joined Pomerantz in March 2013 and is the resident partner in the Firm's Weston, Florida office. She brings to Pomerantz her expertise in representing individuals, businesses, institutional investors and labor organizations in a variety of complex commercial litigation, including violations of federal and state antitrust and securities laws and unfair and deceptive trade practices. Ms. Goldstein was lead counsel in *In re Sara Lee Securities Litigation*, and has played a principal role in numerous other securities class actions that resulted in recoveries of over $100 million. She is currently serving as interim co-lead counsel for indirect purchasers in *In re Androgel Antitrust Litigation* (No. II) and *In re Nexium Antitrust Litigation*. Ms. Goldstein has served as class counsel in a wide variety of consumer class litigation, including *Gemelas v The Dannon Company*, which resulted in the largest settlement ever against a food company.

Ms. Goldstein began her legal career, in 1986, with a wide-ranging general practice firm in Philadelphia. In 2000, she was a founding shareholder of Mager & White, P.C. and opened its Florida office, where she concentrated her practice on securities, consumer and antitrust litigation. In 2002, the firm became Mager White & Goldstein, LLP. In 2005, Ms. Goldstein was a founding partner of Mager & Goldstein LLP. Most recently, she was Senior Counsel at Shepherd, Finkelman, Miller & Shah, LLP.

Ms. Goldstein, a registered nurse, received her law degree from Temple University School of Law in 1986 and her Bachelor of Science (highest honors) from Philadelphia College of Textiles and Science.

Ms. Goldstein is a member of the American Bar Association, the Broward Women's Lawyers Association, the Florida Public Pension Trustees Association, the Illinois Public Pension Fund

Association, the National Association of Shareholder and Consumer Attorneys. She was voted by her peers to be a Pennsylvania Super Lawyer every year from 2007 to the present. Ms. Goldstein is a contributor to a book published by the American Bar Association, <u>The Road to Independence: 101 Women's Journeys to Starting Their Own Law Firms</u>. She resides in Weston, Florida with her family. She is active in community affairs and charitable work in Florida, Illinois and Pennsylvania.

Ms. Goldstein served as co-chair of P.L.I.'s 2010, 2011, 2012, 2013 and upcoming 2014 Class Action Litigation Strategies Conference held in New York. Ms. Goldstein has been a frequent speaker at Public Pension Fund Conferences having recently appeared on Panels at the Florida Public Pension Trustees' Association and Illinois Public Pension Fund Association.

She is admitted to practice law in the Supreme Court of the United States and the States of Florida and Illinois, as well as in the Commonwealth of Pennsylvania and numerous federal courts, including the United States District Courts for the Southern, Northern and Middle Districts of Florida, the Eastern District of Pennsylvania, the United States Courts of Appeal for the Third and Eleventh Circuits. In addition to these courts and jurisdictions, Ms. Goldstein has worked on cases with local and co-counsel throughout the country and worldwide.

## CHERYL D. HAMER

Cheryl D. Hamer joined Pomerantz in January 2003 and became a partner in January 2007. She is the resident partner in the Firm's San Diego office.

Ms. Hamer has long experience working with Public and Taft-Hartley pension and welfare funds. As a member of the Firm's Institutional Investor Practice Group, she has been involved in a number of cases, including *Booth v. Linn Energy LLC*, *In re American Italian Pasta Co. Sec. Litig.* and *In re Symbol Technologies, Inc. Sec. Litig.*

Before joining Pomerantz, Ms. Hamer served as counsel to nationally known securities class action law firms focusing on the protection of investors rights. In private practice for over 20 years, she has litigated, at both state and federal levels, Racketeer Influenced and Corrupt Organizations, Continuing Criminal Enterprise, death penalty and civil rights cases and grand jury representation. She has authored numerous criminal writs and appeals.

Ms. Hamer is a member of the Advisory Board of Freedom in Creation, serves as a pro bono attorney at Casa Cornelia representing clients seeking asylum in the United States, was an Adjunct Professor at American University, Washington College of Law from 2010 - 2011 and served as a pro bono attorney for the Mid-Atlantic Innocence Project. She was an Adjunct Professor at Pace University, Dyson College of Arts and Sciences, Criminal Justice Program and The Graduate School of Public Administration from 1996 to 1998. She has served on numerous non-profit boards of directors, including Shelter From The Storm, the Native American Preparatory School and the Southern California Coalition on Battered Women, for which she received a community service award.

Ms. Hamer is a member of the Litigation and Individual Rights and Responsibilities Sections of the American Bar Association, the Corporation, Finance & Securities Law and Criminal Law and

Individual Rights Sections of the District of Columbia Bar, the Litigation and International Law Sections of the California State Bar, and the National Association of Public Pension Attorneys (NAPPA) and represents the Firm as a member of the Council of Institutional Investors (CII), the National Association of State Treasurers (NAST), the National Conference on Public Employees Retirement Systems (NCPERS), the International Foundation of Employee Benefit Plans (IFEBP), the State Association of County Retirement Systems (SACRS), the California Association of Public Retirement Systems (CALAPRS) and The Association of Canadian Pension Management (ACPM/ACARR).

Ms. Hamer is a 1973 graduate of Columbia University and a 1983 graduate of Lincoln University Law School. She studied tax law at Golden Gate University and holds a Certificate in Journalism from New York University.

Ms. Hamer is admitted to practice in the State of California, the District of Columbia and the State of New Mexico (inactive), the United States District Courts for the Northern, Southern, Eastern and Central Districts of California, the District of New Mexico and the District of Columbia, the United States Courts of Appeals for the Second, Third, Fourth, Seventh, Ninth, Tenth and Eleventh Circuits, and the United States Supreme Court.

## JOSHUA B. SILVERMAN

Joshua B. Silverman specializes in individual and class action securities litigation. He was co-lead counsel in *In re MannKind Corp. Sec. Litig.*, achieving a settlement valued at more than $23 million and setting precedent regarding the use of expert information in a shareholder complaint. Mr. Silverman was also co-lead counsel for three large public funds in *New Mexico State Investment Council, et al. v. Countrywide Fin. Corp., et al.*, resulting in a very favorable confidential settlement. He regularly represents clients in controversies involving private equity investments, hedge fund investments, structured financial instruments, securities lending arrangements, and investment consultants. In addition, Mr. Silverman was co-lead counsel in *New Mexico State Inv. Council v. Cheslock Bakker & Associates* (summary judgment award in excess of $30 million), played a key role in the Firm's representation of investors before the United States Supreme Court in *StoneRidge,* and prosecuted many of the Firm's other class cases, including *In re Sealed Air Corp. Sec. Litig.* ($20 million settlement).

Before joining Pomerantz, Mr. Silverman practiced at McGuire Woods LLP and its Chicago predecessor, Ross & Hardies, where he represented one of the largest independent futures commission merchants in commodities fraud and civil RICO cases. Mr. Silverman also spent two years as a securities trader, and continues to actively trade stocks, futures, and options for his own account.

Mr. Silverman is a 1993 graduate of the University of Michigan, where he received Phi Beta Kappa honors, and a 1996 graduate of the University of Michigan Law School.

Mr. Silverman is admitted to practice in Illinois, the United States District Court for the Northern District of Illinois, the United States Courts of Appeal for the Seventh and Eighth Circuits, and the United States Supreme Court.

## LEIGH HANDELMAN SMOLLAR

Leigh Handelman Smollar, formerly Of Counsel to Pomerantz, became a partner in January 2012. Ms. Smollar specializes in securities fraud and insurance/healthcare litigation.

As a member of Pomerantz' Insurance Practice Group, Ms. Smollar plays a key role in litigating class actions against various insurers for ERISA violations. She also actively litigates securities fraud cases. She was a member of the Pomerantz team in its successful litigation on behalf of three New Mexico pension funds related to Countrywide's mortgage-backed securities. Ms. Smollar has been a member of the Pomerantz litigation team for many of the cases where significant settlements were obtained. *See In re Sealed Air Corp. Sec. Litig.*, No. 03-CV-4372 (D.N.J.)($20 million settlement approved December 2009); and *In re Safety-Kleen Stockholders Securities Litigation*, 3:00-736-17 (D. S.C.) (as Co-Lead Counsel, Firm obtained a $54.5 million settlement).

In June 2011, as a panelist at the Illinois Public Employee Retirement Systems Summit in Chicago, Illinois, Ms. Smollar gave a presentation entitled "Carrying Out Fiduciary Responsibilities in Management and Investments." She co-authored several articles and updates for the Illinois Institute for Continuing Legal Education (IICLE) including "Shareholder Derivative Suits and Stockholder Litigation in Illinois," published in IICLE Chancery and Special Remedies 2004 Practice Handbook; and "Prosecuting Securities Fraud Class Actions," published in IICLE Chancery and Special Remedies 2009 Practice Handbook, including a 2011 supplement to Chancery and Special Remedies.

She is a 1993 graduate of the University of Illinois at Champaign-Urbana, where she graduated from the School of Commerce with high honors, and a 1996 graduate of the Chicago-Kent College of Law. Ms. Smollar spent the next five years specializing in insurance defense litigation.

Ms. Smollar is admitted to practice in Illinois, the United States District Court for the Northern District of Illinois, and the United States Courts of Appeals for the Seventh and Eighth Circuits.

## MATTHEW L. TUCCILLO

Mr. Tuccillo joined Pomerantz in 2011 and became Partner in 2014.

Mr. Tuccillo is responsible for the Firm's litigation efforts in *In re Silvercorp Metals, Inc. Secs. Litig.*, No. 12-cv-9456 (S.D.N.Y.) and *Strougo v. The Phoenix Companies, Inc.*, No. 3:13-cv-0547 (D. Conn.). He, along with Partners Marc I. Gross and Jeremy A. Lieberman, manages the Firm's securities fraud lawsuits concerning British Petroleum's 2010 Deepwater Horizon oil spill, representing a multitude of foreign and domestic public and private pension funds, limited liability partnerships, and investment trusts in individual actions related to Multidistrict Litigation 2185, *In re BP p.l.c. Secs. Litig.*, No. 4:10-md-2185 (S.D. Tex.).

Mr. Tuccillo's prior casework includes litigation and resolution of complex disputes over roll ups of consulting companies and of commercial real estate interests. At Pomerantz, Mr. Tuccillo was a member of the multi-firm team that litigated and settled *In re Empire State Realty Trust, Inc. Investor Litig.*, No. 650607/2012 (N.Y. Sup. Ct.), representing investors in a multitude of public and private commercial real estate interests against the long-term lessees/operators, the Malkin family and the Estate of Leona Helmsley, regarding a proposed consolidation, REIT formation, and subsequent IPO

with New York's iconic Empire State Building as centerpiece. The settlement, currently on appeal, achieved broad-based relief for the class, including a $55 million cash/securities settlement fund, a deal restructuring that generated a tax benefit estimated at $100 million, expansive remedial disclosures, and important deal protections.

At Pomerantz, Mr. Tuccillo has also handled shareholder books and records demands, as well as shareholder derivative, consumer, wage and hour, and mergers and acquisitions litigation. He handled the Firm's litigation of *GSS 5-08 Trust v. Arch Chemicals, Inc., et al.*, No. X-08 FST-CV11-6010654-S (Conn. Sup. Ct.), concerning a Swiss multi-national's acquisition of a Connecticut-based chemicals company, where he negotiated materially enhanced disclosures during the investor tender offer period and earned the court's praise for his "preparation" and "hard work."

He has attained a rating of AV® Preeminent, the highest ranking available through Martindale-Hubbell's Peer Review Ratlings, scoring a perfect 5.0 out of 5.0 in the area of Securities Law, Securities Class Actions, and Securities Litigation while being described as a "First class, top flight lawyer, especially in complex litigation."

Before joining Pomerantz, Mr. Tuccillo began his career at a large full-service Boston firm, where he litigated for primarily corporate clients. He also worked at plaintiff-side firms in Boston and Connecticut, litigating securities, consumer, and wage and hour class actions, as well as complex sale of business disputes. He has helped negotiate numerous multi-million dollar settlements, at times through the use of alternative dispute resolution.

Mr. Tuccillo graduated from the Georgetown University Law Center in 1999, where he made the Dean's List. His pro bono work includes securing Social Security benefits for a veteran suffering from non-service-related disabilities.

He is admitted to practice in the State of New York, the State of Connecticut, the Commonwealth of Massachusetts, and the U.S. District Courts for the District of Massachusetts, District of Connecticut, the Southern and Eastern Districts of New York, the Northern District of Illinois, and the Southern District of Texas. He is regularly admitted *pro hac vice* in state and federal courts nationwide, and has briefed matters before the U.S. Judicial Panel on Multidistrict Litigation.

## MURIELLE STEVEN WALSH

Murielle Steven Walsh graduated *cum laude* from New York Law School in 1996, where she was the recipient of the Irving Mariash Scholarship. During law school, Ms. Steven Walsh interned with the Kings County District Attorney and worked within the mergers and acquisitions group of Sullivan & Cromwell.

Since joining the Firm in 1998, Ms. Steven Walsh has prosecuted highly successful securities class action and corporate governance cases. She was one of the lead attorneys in prosecuting *In re Livent Noteholders' Securities Litigation*, a securities class action in which she obtained a $36 million judgment against the company's top officers, a ruling which was upheld by the Second Circuit on appeal. Ms. Steven Walsh was also part of the team litigating the *EBC I v. Goldman Sachs* case, where the Firm obtained a landmark ruling from the New York Court of Appeals, that underwriters may owe

fiduciary duties to their issuer clients in the context of a firm-commitment underwriting of an initial public offering.

She is currently litigating *Ruiz v. Citibank*, Case No. 10-cv-5950 ((S.D.N.Y); *Biomimetic Therapeutics Inc.*, Case No. 3-11-0653, (M.D. Tenn.); In *re Houston American Energy Corp. Securities Litigation*, Civ. A. No. H-12-1332 (S.D. Tex.); and In *re Advanced Battery Technologies Securities Litigation, Inc.*, File No.: 11 Civ. 2279 (CM)(S.D.N.Y.)(CM).

Ms. Steven Walsh currently serves on the Board of Trustees of the non-profit organization Court Appointed Special Advocates for Children ("CASA") of Monmouth County. In the past, she served as a member of the editorial board for Class Action Reports, a Solicitor for the Legal Aid Associates Campaign, and has been involved in political asylum work with the Association of the Bar of the City of New York.

Ms. Steven Walsh is admitted to practice in New York, the United States District Court for the Southern District of New York, the United States Court of Appeals for the Second Circuit and the United States Court of Appeals for the Sixth Circuit.

# SENIOR COUNSEL

## STANLEY M. GROSSMAN

Stanley M. Grossman, Senior Counsel, is the former Managing Partner of Pomerantz. He is recognized as a leader in the plaintiffs' securities bar. He was selected by *Super Lawyers* magazine as an outstanding attorney in the United States for the years 2006 through 2011, and was featured in the New York Law Journal article "*Top Litigators in Securities Field – A Who's Who of City's Leading Courtroom Combatants*."  Mr. Grossman has litigated securities (individual and class), derivative and antitrust actions with the Firm for 39 years.

Mr. Grossman has primarily represented plaintiffs in securities and antitrust class actions, including many of those listed in the firm biography. *See. e.g., Ross v. Bernhard*, 396 U.S. 531; *Rosenfeld v. Black*, 445 F.2d 137 (2d Cir. 1971); *Wool v. Tandem*, 818 F.2d 1433 (9th Cir.); In *re Salomon Bros. Treasury Litig*, 9 F.3d 230 (2d Cir.). In 2008 he appeared before the United States Supreme Court to argue that scheme liability is actionable under Section 10(b) and Rule 10b-5(a) and (c). *See StoneRidge Investment Partners v. Scientific-Atlanta*, No. 06-43 (2007). Other cases where he was the Lead or Co-Lead counsel include: In *re Salomon Brothers Treasury Litigation*, 91 Civ. 5471 (S.D.N.Y. 1994) ($100 million cash recovery); In *re First Executive Corporation Securities Litigation*, CV-89-7135 (C.D. Cal. 1994) ($100 million settlement); In *re Sorbates Direct Purchaser Antitrust Litigation*, C98-4886 (N.D. Cal. 2000) (over $80 million settlement for the class).

In 1992, Senior Judge Milton Pollack of the Southern District of New York appointed Mr. Grossman to the Executive Committee of counsel charged with allocating to claimants hundreds of millions of dollars obtained in settlements with Drexel Burnham & Co. and Michael Milken.

Many courts have acknowledged the high quality of legal representation provided to investors by Mr. Grossman. In *Gartenberg v. Merrill Lynch Asset Management, Inc.*, 79 Civ. 3123 (S.D.N.Y.), where Mr. Grossman was lead trial counsel for plaintiff, Judge Pollack noted at the completion of the trial:

> [I] can fairly say, having remained abreast of the law on the factual and legal matters that have been presented, that I know of no case that has been better presented so as to give the Court an opportunity to reach a determination, for which the court thanks you.

Mr. Grossman was also the lead trial attorney in *Rauch v. Bilzerian* (Super. Ct. N.J.)(directors owed the same duty of loyalty to preferred shareholders as common shareholders in a corporate takeover), where the court described the Pomerantz team as "exceptionally competent counsel." He headed the six week trial on liability in *Walsh v. Northrop Grumman* (E.D.N.Y.) (a securities and ERISA class action arising from Northrop's takeover of Grumman), after which a substantial settlement was reached.

Mr. Grossman frequently speaks at law schools and professional organizations. In 2010, he was a panelist on *Securities Law: Primary Liability for Secondary Actors*, sponsored by the Federal Bar Council, and he presented *Silence Is Golden – Until It Is Deadly:  The Fiduciary's Duty to Disclose*, at the Institute of American and Talmudic Law. In 2009, Mr. Grossman was a panelist on a Practicing Law Institute "Hot Topic Briefing" entitled "*StoneRidge*- Is There Scheme Liability or Not?"

Mr. Grossman served on former New York State Comptroller Carl McCall's Advisory Committee for the NYSE Task Force on corporate governance. He is a former president of NASCAT. During his tenure at NASCAT, he represented the organization in meetings with the Chairman of the Securities and Exchange Commission and before members of Congress and of the Executive Branch concerning legislation that became the PSLRA.

Mr. Grossman served for three years on the New York City Bar Association's Committee on Ethics, as well as on the Association's Judiciary Committee. He is actively involved in civic affairs. He headed a task force on behalf of the Association, which, after a wide-ranging investigation, made recommendations for the future of the City University of New York. He serves on the board of the Appleseed Foundation, a national public advocacy group.

Mr. Grossman is admitted to practice in New York, the United States District Courts for the Southern and Eastern Districts of New York, Central District of California, Eastern District of Wisconsin, District of Arizona, District of Colorado, the United States Courts of Appeals for the First, Second, Third, Ninth and Eleventh Circuits, and the United States Supreme Court.

# OF COUNSEL

## MICHELE S. CARINO

Michele S. Carino joined Pomerantz as Of Counsel in 2014. An experienced litigator and professional legal writer, Ms. Carino's practice focuses on securities fraud, corporate governance, mergers and acquisitions, and complex commercial cases.

Before joining Pomerantz, Ms. Carino honed her skills as a securities and corporate governance attorney at Stroock and Grant & Eisenhofer, serving clients on both the defense and plaintiff side of class actions, shareholder derivative actions, and other investor protection cases.

Ms. Carino received her bachelor of arts in Economics from Binghamton University with Phi Beta Kappa honors in 1992 and graduated *magna cum laude* from Georgetown University Law Center in 1999. She has taught a legal research and writing seminar at Columbia University Law School, and has served as a Mentor and Coach to Legal Outreach, a constitutional law and college preparatory program for New York City public high school students.

Ms. Carino is admitted to practice law before the Supreme Court of the United States and the United States District Courts for the Southern District of New York and the District of Delaware, and is a member of the bar of the states of New York and Delaware.

## H. ADAM PRUSSIN

Mr. Prussin specializes in securities litigation and has extensive experience in derivative actions. He was special litigation counsel in the derivative actions on behalf of Summit Metals, Inc., actions which resulted in entry of a judgment, after trial, of $43 million in cash, plus an order transferring the stock of two multi-million-dollar companies to the plaintiff. Mr. Prussin is Co-Lead Counsel in several of Pomerantz's pending derivative actions.

Mr. Prussin has published several articles on the subject of the standards and procedures for the maintenance or dismissal of derivative actions, including "Termination of Derivative Suits Against Directors on Business Judgment Grounds:  From Zapata to Aronson," 39 The Business Lawyer 1503 (1984); "Dismissal of Derivative Actions Under the Business Judgment Rule:  Zapata One Year Later," 38 The Business Lawyer 401 (1983); and "The Business Judgment Rule and Shareholder Derivative Actions:  Viva Zapata?," 37 The Business Lawyer 27 (1981). In June 2009 he spoke at the 6th Annual Securities Litigation Conference in New York, participating in the panel discussion, "From Behind Enemy Lines: The Perspective of Two Prominent Plaintiff Attorneys."

Before joining the Firm, Mr. Prussin was a named partner in Silverman, Harnes, Harnes, Prussin & Keller, which specializes in representing plaintiffs in shareholder derivative and class action litigation, particularly those involving self-dealing by corporate officers, directors and controlling shareholders. He played a key role in several landmark derivative cases in the Delaware courts, and has appeared frequently before the Delaware Supreme Court.

Mr. Prussin graduated *cum laude* from Yale College in 1969 and, after obtaining a Masters Degree from the University of Michigan in 1971, received his J.D. degree from Harvard Law School in 1974

Mr. Prussin is admitted to practice in New York, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Courts of Appeals for the Second, Ninth and D.C. Circuits.

## MICHAEL J. WERNKE

Michael J. Wernke, who joined Pomerantz as Of Counsel in 2014, specializes in securities fraud litigation.

For the previous nine years, Mr. Wernke was a litigator with Cahill Gordon & Reindel LLP, with his primary focus in the securities defense arena. He brings to Pomerantz a unique perspective, with his extensive, successful experience in defending large, multinational financial institutions in securities fraud and commercial litigations.

In 2004, Mr. Wernke received his J.D. from Harvard Law School. He also holds a B.S. in Mathematics and a B.A. in Political Science from The Ohio State University, where he graduated *summa cum laude*.

Mr. Wernke is admitted to practice in the State of New York and the United States District Court for the Southern District of New York.

# ASSOCIATES

## SAMUEL J. ADAMS

Samuel J. Adams focuses on class action mergers & acquisitions litigation.

Mr. Adams is a 2009 graduate of the University of Louisville Louis D. Brandeis School of Law. While in law school, he was a member of the National Health Law Moot Court Team. He also participated in the Louis D. Brandeis American Inn of Court.

Mr. Adams is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York.

## C. DOV BERGER

C. Dov Berger focuses on securities litigation.

Mr. Berger is a 2013 graduate of the Benjamin N. Cardozo School of Law, where he was Staff Editor of the *Cardozo Public Law, Policy and Ethics Journal* and an advocate at the Tax Clinic. He was also a Cardozo Scholar on a full scholarship. Mr. Berger, a Certified Public Accountant, holds a B.S. in Accounting, *summa cum laude*, from Touro College, and an M.S. in Accounting from CUNY.

From April 2005 – May 2008, Mr. Berger performed community service as an NYPD Auxiliary Police Officer.

Mr. Berger passed the New York State Bar in July 2013; admission is pending.

## JAY DOUGLAS DEAN

Jay Dean focuses on individual and class actions in insurance/healthcare litigation.

Prior to joining Pomerantz as an associate in 2009, Mr. Dean litigated on behalf of the City of New York in the Office of the Corporation Counsel in cases ranging from major contract disputes to pension investments, and representing clients ranging from individual police and correction officers, to the City itself as a corporation, and to the City's five public pension systems – among the largest in the country.

Prior to public service, Mr. Dean was a litigation associate with the firms of Berlack Israels & Liberman (currently known as Brown Rudnick LLP), Shea & Gould, and Curtis, Mallet-Prevost, Colt & Mosle LLP, where he was involved in commercial and securities matters. This experience included involvement in the criminal defense of junk bond underwriter Drexel Burnham Lambert, the successful jury trial of a bank's claims against its fidelity bond issuer, and trial preparation on behalf of institutional investors in the *Wedtech* securities litigation.

Mr. Dean graduated in 1988 from Yale Law School, where he was Senior Editor of the *Yale Journal of International Law*.

Mr. Dean is admitted to practice in New York State Courts, the U.S. District Courts for the Southern and Eastern Districts of New York, and the U.S. Second and Eleventh Circuit Courts of Appeals.

## JESSICA N. DELL

Jessica Dell focuses on securities fraud and insurance/healthcare litigation.

Ms. Dell graduated from CUNY School of Law in 2005. At CUNY Ms. Dell spent three semesters in the school's award-winning clinical programs including The Economic Justice Project. She represented indigent clients in family court and administrative proceedings and authored successful immigration petitions under the Violence Against Women Act.

Ms. Dell interned at the Urban Justice Center and was the recipient of an Everrett fellowship for her work in the HIV/AIDS division and at Human Rights Watch.

Ms. Dell has also worked in complex Pro Bono litigation at Pomerantz.

Ms. Dell is admitted to practice in New York.

## OFER GANOT

Ofer Ganot focuses on class action mergers and acquisitions litigation.

Ofer Ganot obtained a Master's degree from Duke University School of Law in 2011. While at Duke, he was a staff editor for the Duke Journal of Comparative and International Law, and

received a Merit Scholarship (Moskowitz-Stern Scholar). Upon graduation, Mr. Ganot became associated with Pomerantz.

Mr. Ganot graduated from Tel-Aviv University School of Law in Israel in 2006. Following graduation, he practiced for more than four years as an associate in one of Israel's leading law firms specializing in securities and mergers and acquisitions.

Mr. Ganot is admitted to practice in the State of New York; the U.S. District Courts for the Southern and Eastern Districts of New York; and Israel.

## EMMA GILMORE

Emma Gilmore focuses on securities fraud litigation. Ms. Gilmore is actively involved in the Firm's securities fraud lawsuits concerning British Petroleum's 2010 Deepwater Horizon oil spill, representing a multitude of foreign and domestic public and private pension funds, limited liability partnerships, and investment trusts in individual actions related to Multidistrict Litigation 2185, *In re BP p.l.c. Secs. Litig.*, No. 4:10-md-2185 (S.D. Tex.).

Ms. Gilmore is also a member of the team prosecuting Securities Act and Securities Exchange Act class claims against Linn Energy, LLC and LinnCo, LLC

Prior to joining Pomerantz, Ms. Gilmore was a litigation associate with the firms of Skadden, Arps, Slate, Meagher and Flom, LLP and Sullivan & Cromwell, LLP, where she was involved in commercial and securities matters. Her experience includes working on the *WorldCom Securities Litigation*.

Ms. Gilmore also served as a law clerk to the Honorable Thomas C. Platt, United States District Judge for the Eastern District of New York.

Ms. Gilmore graduated *cum laude* from Brooklyn Law School, where she served as a staff editor for the *Brooklyn Law Review*. Ms. Gilmore graduated *summa cum laude* from Arizona State University, with a BA in French and a minor in Business.

Ms. Gilmore is admitted to practice in New York, and the United States District Courts for the Southern and Eastern Districts of New York.

Ms. Gilmore is fluent in Romanian and proficient in French.

## MARK B. GOLDSTEIN

Mark B. Goldstein focuses on securities fraud and antitrust class action litigation.

Mr. Goldstein graduated from The John Marshall Law School in 2011, where he was the Production Editor of The John Marshall Law School Review of Intellectual Property Law. During law school, he also externed for the Honorable Michael B. Hyman and worked for multiple Plaintiffs' class action firms.

After law school, Mr. Goldstein began his career as a litigation associate at a Chicago law firm where he specialized in wage and hour employment class actions as well as consumer protection class actions.

Mr. Goldstein is admitted to practice in Illinois, and the United States District Courts for the Northern and Central Districts of Illinois.

## ADAM GIFFORDS KURTZ

Adam Giffords Kurtz focuses on antitrust litigation.

Mr. Kurtz served as a law clerk to the Honorable Juan G. Burciaga, then Chief United States District Judge, District of New Mexico and began his career as a litigation associate at Cravath, Swaine & Moore, where he worked on complex securities fraud and antitrust litigation. He was also a solo practitioner in New Mexico where he concentrated on federal criminal defense and civil litigation. In addition, Mr. Kurtz served as an Assistant Corporation Counsel in the General Litigation and Labor and Employment law divisions of the New York City Law Department.

Mr. Kurtz graduated *cum laude* from New York Law School in 1988, where he was Book Review Editor of the New York Law School Law Review. In June 2009, Mr. Kurtz received an MBA from the Baruch/Mt. Sinai Graduate Program in Health Care Administration. He is a member of the American Health Lawyers Association.

Mr. Kurtz is admitted to practice in New York and the United States District Courts for the Southern and Eastern Districts of New York.

## LOUIS C. LUDWIG

Louis C. Ludwig focuses on securities fraud litigation.

Mr. Ludwig graduated from Rutgers University School of Law in 2007, where he was a Dean's Law Scholarship Recipient, interned at South Jersey Legal Services, served as a Certified Legal Intern in the Rutgers-Camden Children's Justice Clinic, and participated in Advanced Moot Court.

After serving as a law clerk to the Honorable Arthur Bergman, Superior Court of New Jersey, Mr. Ludwig began his career as a litigation associate at a boutique Chicago law firm specializing in consumer protection class actions.

Mr. Ludwig is admitted to practice in New Jersey, Illinois, the United States District Court for the District of New Jersey, the United States District Court for the Northern District of Illinois, and the United States Court of Appeals for the Seventh Circuit.

## ANNA KARIN F. MANALAYSAY

Anna Karin F. Manalaysay focuses on class action mergers and acquisitions litigation.

She obtained her LL.M. from Columbia University in 2013 and her Juris Doctor from Ateneo Law School in 2008. She was consistently on the Dean's List of Honors.

Following graduation, Ms. Manalaysay practiced for more than three years as an associate in one of the Philippines' leading law firms specializing in securities and mergers and acquisitions.

Ms. Manalaysay passed the Philippine Bar in 2008 (ranking number 14 out of 6,533 examinees) and the New York Bar in 2013 (admission pending).

## JENNIFER PAFITI

Jennifer Pafiti focuses her practice on complex securities litigation and institutional investor relations.

Ms. Pafiti, a dual-qualified U.K. solicitor and U.S. attorney, heads the Firm's International Investor Relations team.

Ms. Pafiti earned a Bachelor of Science degree in Psychology at Thames Valley University in England prior to studying law. She earned her law degrees at Thames Valley University (G.D.L.) and the Inns of Court School of Law (L.P.C.) in the United Kingdom. Ms. Pafiti is admitted to practice law in England and Wales (Solicitor) and in California.

Before studying law in England, Ms. Pafiti was a regulated financial advisor and senior mortgage underwriter at a major U.K. financial institution. She holds full CeFA and CeMAP qualifications. After qualifying as a Solicitor, Ms. Pafiti specialized in private practice civil litigation which included the representation of clients in high profile cases in the Royal Courts of Justice. Prior to joining Pomerantz, Ms. Pafiti was an associate with Robbins Geller LLP in Los Angeles.

Ms. Pafiti advises international investor-clients in the United States and Europe on how best to evaluate losses to their investment portfolios attributable to financial fraud or other misconduct, and how best to maximize their potential recoveries.

Ms. Pafiti also takes an active role in complex securities litigation and represents clients in both class and non-class action securities litigation. She is based in Los Angeles.

## LESLEY F. PORTNOY

Lesley F. Portnoy focuses on securities fraud litigation.

Prior to joining Pomerantz, Mr. Portnoy was an associate with Baker Hostetler for four years.

Mr. Portnoy received his B.A. in 2004 from the University of Pennsylvania. In 2009, he simultaneously received his JD *magna cum laude* from New York Law School and his Masters of Business Administration from City University of New York. At New York Law School, Mr. Portnoy was on the Dean's List-High Honors and an Articles Editor for the *New York Law School Law Review*.

Mr. Portnoy is admitted to practice in the New York State Courts, the United States District Courts for the Southern and Eastern Districts of New York and the Northern and Southern Districts of Texas, and the United States Court of Appeals for the Second Circuit.

## JENNIFER BANNER SOBERS

Jennifer Banner Sobers focuses her practice on insurance/healthcare litigation.

Prior to joining Pomerantz, Ms. Sobers was an associate with a prominent law firm in New York where her practice focused on complex commercial litigation, including securities law and accountants' liability. An advocate of pro bono representation, Ms. Sobers earned the Empire State Counsel honorary designation from the New York State Bar Association and received an award from New York Lawyers for the Public Interest for her pro bono work.

Ms. Sobers received her B.A. from Harvard University (with honors), where she was on the Dean's List, a Ron Brown Scholar, and a recipient of the Harvard College Scholarship. She received her J.D. from University of Virginia School of Law were she was a participant in the Lile Moot Court Competition and was recognized for her pro bono service.

She is a member of the New York City and New York State Bar Associations.

Ms. Sobers is admitted to practice in New York State Courts and the United States District Courts for the Southern District of New York.

## STAR MISHKEL TYNER

Star Mishkel Tyner focuses on securities fraud litigation.

Prior to joining Pomerantz, Ms. Tyner was an associate attorney with Donaldson & Guin in Birmingham, Alabama, where she worked on individual and class action securities litigation, commercial litigation, and consumer class action litigation.

Ms. Tyner graduated from the University of Southern California School of Law in 2006. While in law school, she was the Senior Editor of the Southern California Review of Law and Social Justice, which also published her law review note. Ms. Tyner received her B.A. from the University of Chicago in 2002, graduating with distinctions including Highest Academic Honors in the Humanities and the Dean's List for the entirety of her four years in college.

Ms. Tyner was selected as a member of the Future Leaders Forum 2012 of the Birmingham Bar Association. She is also a member of the University of Chicago's Alumni Schools Committee, interviewing prospective college candidates for her alma mater. Ms. Tyner is a member of the State Bar of California, Alabama State Bar and Birmingham Bar Association. She is admitted to practice in

the United States District Courts for the Northern, Middle and Southern District of Alabama and the United States Court of Appeals for the Eleventh Circuit and the Sixth Circuit.

## TAMAR A. WEINRIB

Tamar A. Weinrib focuses on securities fraud litigation. Ms. Weinrib is currently the Pomerantz attorney responsible for the litigation of *KB Partners I, L.P. v. Pain Therapeutics, Inc., et al.*, a securities fraud case for which Judge Sparks of the Western District of Texas recently granted Plaintiff's motion for class certification.

Before coming to Pomerantz in early 2008, Ms. Weinrib had over three years of experience as a litigation associate in the New York office of Clifford Chance US LLP, where she focused on complex commercial litigation.

Ms. Weinrib has successfully tried pro bono cases, including two criminal appeals and a housing dispute filed with the Human Rights Commission.

Ms. Weinrib graduated from Fordham University School of Law in 2004 and, while there, won awards for successfully competing in and coaching of Moot Court competitions.

Ms. Weinrib is admitted to practice in New York, the United States District Courts for the Southern and Eastern Districts of New York, and the United States Court of Appeals for the Second and Third Circuits.

## ALLA ZAYENCHIK

Alla Zayenchik focuses on mergers and acquisitions litigation.

Ms. Zayenchik is a 2013 graduate of the Benjamin N. Cardozo School of Law, where she was Symposium Editor of the *Cardozo Public Law, Policy and Ethics Journal.* She was the recipient of a full-tuition Dean's Merit Scholarship and the Squadron Fellowship in Media Law.

Ms. Zayenchik argued an appeal before the Appellate Division, First Department due to her work in the Criminal Appeals Clinic. Ms. Zayenchik also served as a legal intern at the Innocence Project. She interned for the Honorable Melvin L. Schweitzer, Commercial Division, New York State Supreme Court. Ms. Zayenchik received a Bachelor of Arts *summa cum laude* from Baruch College, City University of New York, in 2010.

During her school years, Ms. Zayenchik interned for the Innocence Project and for the Honorable Melvin L. Schweitzer, New York State Supreme Court, and was a research fellow at the Annenberg School for Communication at the University of Pennsylvania.

Ms. Zayenchik is admitted to practice in the State of New York.