USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x

In re GEROVA FINANCIAL GROUP, LTD.
SECURITIES LITIGATION

No. 11 MD 2275-SAS

ECF CASE

------------------------------------------x

RUTLAND BAKER, BRUCE HENRY,
ELEANORE KRAM, ALI ARAR and
XIANHUA XU, Individually and on Behalf of
All Others Similarly Situated,

                Plaintiffs,

                - against -

GEROVA FINANCIAL GROUP, LTD., GARY
HIRST, MICHAEL HLAVSA, JOSEPH
BIANCO, JACK DOUECK, ARIE VAN ROON,
KEITH LASLOP, RICHARD RUDY,
STILLWATER CAPITAL PARTNERS, INC., and
STILLWATER CAPITAL PARTNERS, LLC,

                Defendants.

No. 11 Civ. 3081-SAS

ECF CASE

[PROPOSED] JUDGMENT AND
ORDER OF FINAL APPROVAL

------------------------------------------x

## [PROPOSED] JUDGMENT AND ORDER OF FINAL APPROVAL

**WHEREAS:**

(A)    This Action was originally commenced on or about May 5, 2011. An Amended Complaint was filed on October 26, 2011, asserting claims under Sections 10(b) and 20(a) of the Securities Exchange Act (15 U.S.C. §§ 78j(b), and 78t(a)) and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission (17 C.F.R. § 240.10b-5) against Defendants Gerova Financial Group, Ltd., Gary T. Hirst, Arie Jan van Roon, Michael Hlavsa, Joseph J. Bianco, Keith Laslop, Stillwater Capital Partners, Inc., Stillwater Capital Partners, LLC, Jack Doueck, and Richard Rudy (the "Open-Market Defendants").

(B) By Order dated September 26, 2011, the Court appointed plaintiffs Rutland Baker, Bruce Henry, and Eleanore Kram (the "Open-Market Lead Plaintiffs") and their counsel, the law firms of Pomerantz LLP and Wohl & Fruchter LLP as Co-Lead Counsel on behalf of the Open-Market Lead Plaintiffs (the "Open-Market Co-Lead Counsel") (collectively with Spector Roseman Kodroff & Willis, P.C. and Sadis & Goldberg LLP, the "Open-Market Counsel").

(C) On February 4, 2014, the parties entered into a Stipulation and Agreement of Settlement (the "Settlement Stipulation" or "Stipulation") to settle this Action on the terms provided therein. Capitalized terms not defined in this Judgment and Order of Final Approval ("Judgment") have the meanings ascribed to them in the Stipulation.

(D) Pursuant to the Preliminary Approval Order entered on February 5, 2014, this Court scheduled a Settlement Hearing for June 9, 2014, at 4:30 p.m. to, *inter alia*, determine (a) whether the proposed Settlement was fair, reasonable, and adequate, and should be approved by the Court; and (b) whether a judgment substantially in the form hereof should be entered herein.

(E) The Court has received affidavit(s) and/or declaration(s) attesting to compliance with the terms of the Preliminary Approval Order, including the mailing of the Notice and publication of the Publication Notice.

(F) Due to adequate notice having been given to the Settlement Class as required by the Preliminary Approval Order, the Court having held a Settlement Hearing on June 9, 2014, and the Court having considered all papers filed and proceedings in this Action and otherwise being fully informed of the matters herein, and good cause appearing,

**NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**:

1. The provisions of the Stipulation, including definitions of the terms used therein, are hereby incorporated by reference as though fully set forth herein. All capitalized terms used herein have the meanings set forth and defined in the Settlement Stipulation.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to this Action, including the Open-Market Settlement Class.

3. For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), this Action is certified as a class action on behalf of the following persons (the "Open-Market Settlement Class"):

> All persons or entities, other than the Named Defendants or the officers and directors of Gerova or of any subsidiary of Gerova, and such excluded persons family members (only spouse and minor children), affiliates and entities controlled by them, who purchased or otherwise acquired Gerova securities from January 8, 2010, through and including February 23, 2011.

4. Also excluded from the Open-Market Settlement Class are those persons who file valid and timely requests for exclusion in accordance with the Preliminary Approval Order. They are not bound by this Judgment, and may not make any claim with respect to or receive any benefit from the Settlement. Such excluded persons and/or entities may not pursue any Open-Market Settlement Class Claims on behalf of those who are bound by this Judgment.

5. The Court affirms its finding that the prerequisites for a class action under Rule 23 (a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied, and certifies the above Open-Market Settlement Class solely for purposes of this Settlement, finding that: (a) the number of the Open-Market Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Open-Market Settlement Class; (c) the claims of the Open-Market Lead Plaintiffs are typical of the claims of the Open-Market Settlement Class; (d) the Open-Market Lead Plaintiffs have fairly and

adequately represented the interests of the Open-Market Settlement Class; (e) the questions of law and fact common to the members of the Open-Market Settlement Class predominate over any questions affecting only individual members of the Open-Market Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. Based on the finding that the Open-Market Lead Plaintiffs have fairly and adequately represented the interests of the Open-Market Settlement Class, the Court affirms its appointment of the Open-Market Lead Plaintiffs as the class representatives for the Open-Market Settlement Class. The Court finds that the Open-Market Counsel have fairly and adequately represented the interests of the Open-Market Settlement Class, and affirms its appointment of the Open-Market Lead Counsel as class counsel pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

7. The Court finds that the distribution of the Notice and the publication of the Publication Notice, and the notice methodology, all implemented in accordance with the terms of the Stipulation and the Court's Preliminary Approval Order:

(a) constituted the best practicable notice to the Open-Market Settlement Class Members under the circumstances of this Action;

(b) were reasonably calculated, under the circumstances, to apprise the Open-Market Settlement Class Members of: (i) the proposed Settlement of this Action; (ii) their right to exclude themselves from the Open-Market Settlement Class; (iii) their right to object to any aspect of the proposed Settlement; (iv) their right to appear at the Settlement Hearing, either on their own or through counsel hired at their own expense, if they did not exclude themselves from the Open-Market Settlement Class; and (v) the

binding effect of the proceedings, rulings, orders, and judgments in this Action, whether favorable or unfavorable, on all persons not excluded from the Open-Market Settlement Class;

(c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and

(d) fully satisfied all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c) and (d)), the United States Constitution (including the Due Process Clause), the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), the Private Securities Litigation Reform Act of 1995, the Rules of Court, and any other applicable law.

8. The terms and provisions of the Stipulation were negotiated by the parties at arm's length and were entered into by the parties in good faith.

9. The Settlement set forth in the Stipulation is fully and finally approved as fair, reasonable, adequate, and in the best interests of the Open-Market Settlement Class taking into account, *inter alia*, the benefits to the Open-Market Settlement Class; the complexity, expense, and possible duration of further litigation; the risks of establishing liability and damages; and the costs of continued litigation. It shall be consummated in accordance with the terms and provisions therein, and the Open-Market Lead Plaintiffs and the Open-Market Settlement Class Members, and all and each of them, are hereby bound by the terms of the Settlement as set forth in the Stipulation.

10. The Plan of Allocation, as described in the Notice and Publication Notice, is hereby approved as fair, reasonable and adequate. Any order, proceeding, appeal, modification or change relating to the Plan of Allocation or the Fee and Expense Award shall in no way

disturb or affect the finality of this Judgment, and shall be considered separate from this Judgment.

11. Upon the Effective Date, the Open-Market Lead Plaintiffs and the Open-Market Settlement Class Members (whether or not they submit a Proof of Claim or share in the Net Settlement Fund), on behalf themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, shall be deemed by this Order to have, and shall have, released, waived, dismissed, and forever discharged the Open-Market Settlement Class Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Open-Market Settlement Class Claims.

12. Upon the Effective Date, the Open-Market Defendants, on behalf themselves and their heirs, executors, administrators and assigns, and any person(s) they represent, shall be deemed by this Order to have, and shall have, released, waived, dismissed, and forever discharged the Open-Market Defendant Claims, and shall be deemed by this Order to be, and shall be forever enjoined from prosecuting each and every one of the Open-Market Defendant Claims.

13. Upon payment of the Settlement Consideration to the Escrow Account by Open-Market Defendants' Insurance Carrier, the Settlement Fund shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the Settlement Fund is distributed or returned to the Open-Market Defendants' Insurance Carrier pursuant to the Stipulation and/or further order of this Court.

14. The Open-Market Defendants have denied, and continue to deny, any and all allegations and claims asserted in the Action, and the Open-Market Settling Defendants have represented that they entered into the Settlement solely in order to eliminate the burden, expense,

and uncertainties of further litigation. This Judgment, whether or not it becomes Final, and any statements made or proceedings taken pursuant to it:

  (a) Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties with respect to the truth of any fact alleged by the Open-Market Lead Plaintiffs in this Action or the validity of any claim that has been or could have been asserted against any of the Released Parties in this Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in this Action or in any litigation, or of any liability, negligence, fault, or other wrongdoing of any kind by any of the Released Parties.

  (b) Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Parties, or against the Open-Market Lead Plaintiffs or any Open-Market Settlement Class Member as evidence of, or construed as evidence of any infirmity of the claims alleged by the Open-Market Lead Plaintiffs.

  (c) Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties, the Open-Market Lead Plaintiffs, or any Open-Market Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties, the Open-Market Lead Plaintiffs, or any Open-Market Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as against any of the Released Parties, the

Open-Market Lead Plaintiffs, or any Open-Market Settlement Class Member in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation or this Judgment, provided, however, that, the Released Parties, the Open-Market Lead Plaintiffs, and any Open-Market Settlement Class Member may use it to effectuate the liability protection granted them by the Stipulation and may file this Judgment in any action brought against them to support an argument, defense, or counterclaim based on principles of res judicata, collateral estoppel, release, good faith-settlement, judgment bar, reduction, or any theory of claim or issue preclusion (or similar argument, defense, or counterclaim);

(d) Is not, shall not be deemed to be, and may not be argued to be or offered or received against any of the Released Parties as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Released Parties that the Settlement Consideration represents the amount which could or would have been received after trial;

(e) Is not, shall not be deemed to be, and may not be argued to be or offered or received against the Open-Market Lead Plaintiffs or any Open-Market Settlement Class Member as evidence of, or construed as evidence of any presumption, concession, or admission by any of the Open-Market Lead Plaintiffs or any Open-Market Settlement Class Member that any of their claims are without merit, or that any defenses asserted by Open-Market Defendants or any former defendants in this Action have any merit, or that damages recoverable in this Action would not have exceeded the Settlement Fund; and

(f) Is not, shall not be deemed to be, and may not be argued to be or offered or received as evidence of, or construed as evidence of any presumption, concession, or

- 9 -

admission that class certification is appropriate in this Action, except for purposes of this Settlement.

15. No person shall have any claim against the Open-Market Lead Plaintiffs, the Open-Market Counsel, the Settlement Administrator, the Escrow Agent or any other agent designated by the Open-Market Counsel based on distribution determinations or claim rejections made substantially in accordance with this Settlement Stipulation and the Settlement, the Plan of Allocation, or further orders of the Court, except in the case of fraud or willful misconduct. No person shall have any claim under any circumstances against the Released Parties, based on any distributions, determinations, claim rejections or the design, terms, or implementation of the Plan of Allocation.

16. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Stipulation, this Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Stipulation.

17. The parties are hereby authorized, without further approval of the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Settlement Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Settlement Stipulation are done in accordance with the terms of Paragraphs 52 of the Settlement Stipulation, are not materially inconsistent with this Judgment, and do not materially limit the rights of the Open-Market Settlement Class Members under the Settlement Stipulation. This Court finds that during the course of this Action, all

parties, the Open-Market Counsel and counsel to the Open-Market Defendants at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure.

18. The Open-Market Counsel are awarded attorneys' fees in the amount of $411,600 and reimbursement of expenses, including experts' fees and expenses, in the amount of $141,089.98, such amounts to be paid from the Settlement Fund. Open-Market Lead Plaintiff Rutland Baker is awarded the sum of $5,000 and named Open-Market Plaintiff Ali Arar is awarded the sum of $5,000 each, as reasonable costs and expenses directly relating to the representation of the Open-Market Class as provided in 15 U.S.C. § 78u-4(a)(4), such amounts to be paid from the Settlement Fund.

19. The attorneys' fees and expenses awarded herein shall be payable from the Settlement Fund ten (10) business days after entry of this Judgment.

20. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement and any award or distribution from the Settlement Fund, including interest earned thereon; (b) disposition of the Net Settlement Fund; (c) hearing and determining applications for attorneys' fees, costs, interest and reimbursement of expenses in the Action; and (d) all parties for the purpose of construing, enforcing and administering the Settlement.

21. This Action and all Open-Market Settlement Class Claims are dismissed with prejudice. The parties are to bear their own costs, except as otherwise provided in the Settlement Stipulation or this Judgment.

22. The provisions of this Judgment constitute a full and complete adjudication of the matters considered and adjudged herein, and the Court determines that there is no just reason for

delay in the entry of this Judgment. The Clerk is hereby directed to immediately enter this Judgment.

**SO ORDERED** in the Southern District of New York on June 10, 2014.

UNITED STATES DISTRICT JUDGE
HON. SHIRA A. SCHEINDLIN